[Civ. No. 486.   Fourth Appellate District.—July 30, 1932.]

MARGARET E. GRAY, Respondent, v. ALEXANDER J. GRAY, Jr., Appellant.

A. T. Procopio for Appellant.

Neal E. Dow and Spalding & Myers for Respondent.

MARKS, J.—Respondent instituted this action seeking a divorce and maintenance from appellant. He answered and filed a cross-complaint in which he sought a divorce. The complaint alleged wilful neglect and failure to provide in one cause of action, and desertion in another. The trial court granted respondent an interlocutory decree of divorce on both grounds and awarded her $40 per month. Appellant is here attacking the decree as being unsupported by and contrary to the evidence, and has attempted to appeal from the order denying his motion for new trial, which is not an appealable order.

The parties were married July 2, 1921, and separated March 28, 1927. From about July, 1927, to about May, 1928, appellant gave respondent $125 per month for her support. When these payments were discontinued respondent had appellant arrested for failure to provide. He furnished a bond guaranteeing the payment of $50 per month for one year beginning July 3, 1928. Twelve payments were made, with the possible exception of one. The action for divorce was instituted within one year from the time the last fifty-dollar payment was made.

■ Appellant complains of the judgment granting the divorce for failure to provide, contending his wilful neglect and failure to provide had not continued for one full year before the institution of this action. We could not agree with this contention, even if appellant had made the payments of $50 per month voluntarily.

The evidence shows that for more than a year prior to the commencement of this action respondent lived in the city of Riverside, California. She was in poor health. This caused her to lose several days each month from her employment which resulted in a loss of wages and bills for medical attention. Her earnings were not sufficient to furnish her with the common necessaries of life and she was forced to borrow money from her friends and call upon their charity for food and shelter. During all of this time appellant had an income out of which he could have provided her sufficient money, which, with her earnings, would have supplied her with the common necessaries of life. The portions of the findings and judgment under attack find support in the evidence.

■ Appellant further contends that respondent deserted him and that therefore he was not responsible for her support and could not be guilty of failure to provide. Section 94 of the Civil Code defines extreme cruelty as "the wrongful infliction of grievous bodily injury, or grievous mental suffering, upon the other by one party to the marriage". Section 98 of the same code provides in part: "Departure or absence of one party from the family dwelling-place, caused by cruelty . . . is desertion by the other party." Where a wife leaves the family home because of the wrongful infliction upon her by her husband of grievous mental suffering amounting to extreme cruelty, he is guilty of desertion. (*Brandt* v. *Brandt*, 178 Cal. 548 [174 Pac. 55].)

The evidence discloses that appellant used intoxicating liquors to excess during practically all of the time from marriage to separation; that he drank so excessively in public that on occasion he became unconscious; that on many and frequent occasions he was not able to undress and go to bed; that respondent tried to prevail upon him to cease such excessive drinking; that his drinking to excess and drunkenness, especially in public, caused respondent great humiliation and grievous mental suffering amounting to

extreme cruelty. Under these circumstances respondent was justified in leaving the family home, if she did leave it before her husband, which put upon appellant the burden of the desertion and made him responsible for such support as would furnish her with the common necessaries of life, he having the ability to provide them.

The trial court found that appellant left, deserted and abandoned respondent. The evidence is conflicting and from a reading of the record it might seem that its weight is contrary to the finding. However, there is competent and material testimony supporting it. The trial judge had the witnesses before him and it was his province to pass upon their credibility and the weight and sufficiency of the evidence. We cannot upset a finding or reverse a judgment because of a conflict in the evidence.

Appellant complains of the findings and that portion of the interlocutory decree of divorce wherein he is found guilty of desertion principally because of what he maintains is a variance between the pleadings and the proof. We are satisfied that the divorce was properly granted on the ground of wilful neglect and failure to provide. Therefore, the judgment will not be reversed because of error, if any, committed in connection with another and separate cause of action. It becomes unnecessary to discuss these other alleged errors here.

Judgment affirmed. The appeal from the order denying motion for new trial is dismissed.

Barnard, P. J., and Harden, J., *pro tem.*, concurred.