[Civ. No. 18815.   Second Dist., Div. Two.   Mar. 4, 1952.]

NANCY JANE HUTTON, Respondent, v. DANIEL
THOMAS HUTTON, Appellant.

Daniel Thomas Hutton, in pro. per., for Appellant.

Marin T. Kristovich for Respondent.

FOX, J.—This is an appeal by the defendant husband from that part of the judgment denying a decree of divorce on his cross-complaint on the ground of desertion.

On April 30, 1949, plaintiff left the home of the parties with their two minor children and moved to the home of her parents in San Bernardino County because of the alleged extreme cruelty of defendant.  She then filed an action there for separate maintenance on that ground.  In due course the case was transferred to Los Angeles County for trial.  In addition to his answer defendant also, after the expiration of one year from the time of plaintiff's departure from their

home, filed a cross-complaint seeking a divorce upon two grounds: desertion and cruelty. At the trial defendant abandoned his alleged cause of action for cruelty and relied only on the ground of desertion. Plaintiff amended her complaint to seek relief by way of divorce instead of separate maintenance. The court, however, denied her a divorce apparently because of insufficient corroboration. She does not appeal.

The court found that defendant's allegations in his cross-complaint, that plaintiff "willfully and without cause, deserted and abandoned" him on April 30, 1949, and "ever since said date has and still continues to so willfully and without cause desert and abandon" him, are not true. Defendant contends that the evidence does not support the findings and judgment, and that the court abused its discretion in denying him a divorce on the ground of desertion. His theory is that since plaintiff was denied a divorce on the ground of cruelty her leaving was not justified by any misconduct on his part and hence constituted desertion by her. ·

Plaintiff testified that defendant "was never at home"; that he would not come in for several hours after he was due to be off work, which he explained by saying he had worked overtime, "yet his pay check was never any larger"; also, that he came home intoxicated on occasions. She further testified he would fly into "temper tantrums" and would leave notes around the house threatening suicide by turning on the gas. This caused her great anxiety and fear for her own and the children's safety. The court may well have believed this testimony and therefore concluded she was justified in leaving the home of the parties,—certainly that she did not willfully and without cause desert and abandon the defendant. (Civ. Code, § 98.) Such testimony furnished ample support for the court's findings and consequent judgment.

The refusal of the court to grant plaintiff a divorce does not necessarily mean that the court disbelieved her testimony. Before such relief could be granted her testimony would have to be sufficiently corroborated. (Civ. Code, ·§ 130.) From the remarks of the trial judge it appears that he felt the corroboration was not sufficient. The findings are · in harmony with this theory. Hence the denial of a decree to plaintiff.

The judgment is affirmed.

Moore, P. J., and McComb, J., concurred.