[L. A. No. 23409.   In Bank.   June 28, 1956.]

JOSEPHINE PRIMM, Appellant, v. ERNEST J. PRIMM, Respondent.

[L. A. No. 23657.   In Bank.   June 28, 1956.]

JOSEPHINE PRIMM, Respondent, v. ERNEST J. PRIMM, Appellant.

Willis Sargent and Sidney H. Wyse for Appellant in L. A. No. 23409 and for Respondent in L. A. No. 23657.

Hanna & Morton and David A. Thomas for Respondent in L. A. No. 23409 and for Appellant in L. A. No. 23657.

McCOMB, J.—On June 14, 1951, the Superior Court of Los Angeles County (Judge Kurtz Kauffman, presiding) entered an interlocutory decree granting to defendant, Ernest J. Primm, (upon his cross-complaint) a divorce from Josephine Primm (who had filed an action for divorce against defendant, Ernest J. Primm).

The interlocutory decree awarded the custody of the five minor children of the parties to plaintiff, with the provision that defendant was entitled to their custody for six weeks each year commencing on the first day of July. It ordered that defendant pay to plaintiff the sum of $1,000 per month except for the month of July "to provide the necessities of life for said minor children, including food, clothing, transportation, laundry, utilities, rent, taxes, recreation, music lessons, salaries of cooks, maids, gardeners and nurses, if any; and related household expenses, and other incidental expenses attendant upon the support, education and maintenance of said minor children."

On March 17, 1954, plaintiff obtained an order to show cause seeking an increase in the amount of support and maintenance for her five children from $1,000 per month for 11 months to $2,000 per month for 11 months and for $1,000 for the twelfth month, and for attorney's fees.

On May 3, 1954, a hearing having been previously held, Judge Kauffman denied plaintiff's application for a modification of the interlocutory decree of divorce and allowed her the sum of $300 for attorney's fees incurred in connection with such proceeding. Plaintiff appeals from this order.

On August 26, 1954, after a hearing, Judge Clarke made an order allowing plaintiff $1,000 for attorney's fees and costs incurred in connection with her appeal from the court's order of May 3, 1954. Defendant appeals from this order awarding attorney's fees and costs.

### PLAINTIFF'S APPEAL

Two questions are presented in connection with the appeal from the order denying plaintiff's application for a modification of the provisions of the interlocutory decree relating to the award of a sum for the support of the minor children.

*First*: *Did the trial court abuse its discretion in refusing to modify the interlocutory decree of divorce by increasing defendant's payments for the support of his children?*

*No.* This conclusion is governed by these pertinent rules: (1) When a finding of fact is attacked on the ground that there is not any substantial evidence to sustain it, the power of an appellate court *begins* and *ends* with the determination as to whether there is any substantial evidence contradicted or uncontradicted which will support the finding of fact. (*Treadwell* v. *Nickel*, 194 Cal. 243 at 260 [5] [228 P. 25]; *Estate of Isenberg*, 63 Cal.App.2d 214 at 217 [3] [146 P.2d 424]; see also cases cited in 6 West's Cal.Dig. (1951), Appeal and Error, § 989, p. 606, and in 2 McK.Dig. (1946), Appeal and Error, § 1235, p. 837.)[1]

---

[1]Mr. Justice Vallée, in *Overton* v. *Vita-Food Corp.*, 94 Cal.App.2d 367 at 370 [210 P.2d 757] [hearing denied by the Supreme Court], apropos of this rule, pertinently said: ''Andre Gide once observed: 'Everything has been said already; but as no one listens, we must always begin again.' With rhythmic regularity it is necessary for us to say that where the findings are attacked for insufficiency of the evidence, our power begins and ends with a determination as to whether there is *any* substantial evidence to support them; that we have no power to judge of the effect or value of the evidence, to weigh the evidence, to consider the credibility of the witnesses, or to resolve conflicts in the evidence or in the reasonable inferences that may be drawn therefrom. No one seems to listen.''

694

■ (2) When two or more inferences can reasonably be deduced from the facts, a reviewing court is without power to substitute its deductions for those of the trial court. (*Wilbur* v. *Wilbur*, 197 Cal. 1 at 7 [1] [239 P. 332]; *Wing* v. *Kishi*, 92 Cal.App. 495 at 497 [3] [268 P. 483].)

■ (3) In a proceeding to modify the amount allowed in an interlocutory decree of divorce for the support of the minor children of the parties, such amount is in the first instance a matter resting in the sound discretion of the trial court, and an appellate court will not interfere with the action of the trial court unless, as a matter of law, an abuse of discretion is shown. (*Sawyer* v. *Sawyer*, 57 Cal.App.2d 582 at 584 [2] [134 P.2d 868]; *Brockmiller* v. *Brockmiller*, 57 Cal.App.2d 623 at 625 [1] [135 P.2d 184]; *cf. Williams* v. *Williams*, 80 Cal.App.2d 28 at 29 [1] [181 P.2d 110].)

■ (4) Under sections 138 and 139 of the Civil Code[2] the court may make necessary or proper provision for the custody, care and education of the minor children of the parties but its jurisdiction to make such orders is limited to the conditions and circumstances existing at the time they are made, and the court cannot then anticipate what may possibly thereafter happen and provide for future contingencies. (*Schammel* v. *Schammel*, 105 Cal. 258 at 261 [38 P. 729]; see also 16 Cal.Jur.2d (1954), § 276, p. 570.)

Applying the foregoing rules to the instant case, the record discloses that plaintiff deposited the $1,000 she received each month from defendant in a bank account denominated "household account." In 1953 she deposited in this account $11,000 received from defendant. She also deposited therein $5,155.50 of her separate funds. From this account she paid substantial amounts on her own investments, all expenses for maintaining the house which she and the children shared, all ex-

[2]Section 138 of the Civil Code reads in part as follows: "In actions for divorce . . . the court may, during the pendency of the action, or at the final hearing or at any time thereafter during the minority of any of the children of the marriage, make such order for the custody of such minor children as may seem necessary or proper and may at any time modify or vacate the same. In awarding the custody the court is to be guided by the following considerations: (1) By what appears to be for the best interests of the child and if the child is of a sufficient age to form an intelligent preference, the court may consider that preference in determining the question; . . ."

Section 139 of the Civil Code reads in part as follows: "In any interlocutory . . . decree of divorce . . . the court may compel the party against whom the decree . . . is granted . . . to make suitable allowance for the support, maintenance and education of the children of said marriage during their minority. . . ."

penses for food for herself, domestic help and the children, the expenses for her automobile and also insurance premiums on a policy upon her own life. She paid from this account final payments in 1953 upon the purchase of a Cadillac automobile, which is her separate property. She had also made deferred payments upon the automobile from this account.

For about six to eight months she engaged in the real estate business and used her automobile in connection therewith. The expense of the automobile while used in her own business was charged to the household account, as was the insurance upon the same.

In December 1953 she purchased as her separate property a house in San Marino, for which she paid $40,000 and upon which $5,000 was expended for alterations and repairs. She gave a trust deed upon the house to secure the unpaid balance of the purchase price, and each monthly payment of $134 during 1953 was deducted from the household account. She also made a personal loan which was repayable at the rate of $150 per month. These payments were likewise made from the household account, as was $1,413 for carpenter work and painting on her new home. Many other payments of a similar nature were made from the account. However, no useful purpose would be served by setting forth the items in detail.

Plaintiff concedes that she has not allocated the expenses between herself and her children. ▮ The burden was upon her to make a showing in the trial court that it was necessary for her to have increased funds for the proper support of her children. This she failed to do.

▮ The uncontradicted evidence further shows that plaintiff desired to have the increase in allowance for the purpose of meeting future needs of the minor children, for example, to install a swimming pool for them at a future date, to buy a horse for one of the children to ride at some time in the future, to use part of the money in the future to purchase an automobile for her daughter Joan, who at the time of the hearing was 15 years of age, and for other similar future expenses. Clearly such items under the fourth rule, *supra*, were not proper items to be considered as a basis for ordering defendant to pay plaintiff additional sums for the support of the children.

▮ The record fails to disclose any evidence which shows a necessity for increasing the allowance in order to properly provide for the maintenance, care and education of the minor children of the parties. On the other hand, it discloses that

at the present time defendant is providing adequately for his children. Therefore, there is a total absence of any showing of an abuse of discretion of the trial court.

■ The same judge who tried the divorce proceeding passed upon the motion for a modification of the judgment. Therefore, in the absence of a showing of an abuse of discretion, which is not present in the instant case, his determination of the matter is binding upon this court.

■ *Second: Was it necessary for the trial court to make written findings of fact after the hearing of plaintiff's order to show cause for modification of the provisions of the interlocutory decree of divorce pertaining to the amount to be allowed for the support of the minor children of the parties?*

*No.* It is the general rule that written findings of fact are not essential to sustain an order modifying the provisions in a decree of divorce relative to the amounts to be paid for the support of minor children. (*Crater* v. *Crater,* 135 Cal. 633 at 634 et seq. [67 P. 1049] ; *Simmons* v. *Simmons,* 22 Cal.App. 448 at 456 [134 P. 791] ; *cf. Davis* v. *Davis,* 41 Cal. 2d 563 at 565 [1] [261 P.2d 729] ; *Smith* v. *Smith,* 85 Cal. App.2d 428 at 433 [3] [193 P.2d 56].)

## Defendant's Appeal

This is the single question presented on the appeal from the order allowing plaintiff attorney's fees and costs: *Did the trial court abuse its discretion in awarding plaintiff counsel fees and costs to be incurred in connection with the appeal from Judge Kauffman's order of May 3, 1954?*

*No.* ■ The motion for the allowance of counsel fees and costs in a divorce action is addressed to the sound discretion of the trial court, and in the absence of a clear showing of abuse, its determination will not be disturbed on appeal. (*Wilder* v. *Wilder,* 214 Cal. 783 at 785 [1], [2] [7 P.2d 1032].) ■ It is likewise settled that the trial court is under no duty to require the wife to exhaust her separate capital before ordering the husband to pay her costs and attorney's fees on appeal from a decree in a divorce action. (*Baldwin* v. *Baldwin,* 28 Cal.2d 406 at 418 [170 P.2d 670].)

■ In the present case the foregoing rules are applicable. It appears from the record that there was not an abuse of discretion by the trial court for the reason that the evidence disclosed that plaintiff's separate income would be substantially consumed for her own household expenses and proper support of herself. Under these circumstances the

award was proper. (See *Westphal* v. *Westphal,* 122 Cal. App. 388 at 389 [1] [10 P.2d 122], [hearing denied by the Supreme Court]; *Fallon* v. *Fallon,* 83 Cal.App.2d 798 at 806 [4] [189 P.2d 766], [hearing denied by the Supreme Court]; *Sigesmund* v. *Sigesmund,* 115 Cal.App.2d 628 at 632 [7] [252 P.2d 713].)

*Loeb* v. *Loeb,* 84 Cal.App.2d 141 [190 P.2d 246], relied on by defendant, is factually distinguishable from the present case. In the cited case the record disclosed that the wife's living expenses were not over $665 per month and that her income from her own resources was not less than $795. Thus, her income exceeded her expenditures by approximately $130 per month. The court then pointed out that section 137 of the Civil Code (as it then stood) was the only authority for awards pendente lite so that the court could not exercise general equity powers or generally consider ''the circumstances of the parties'' and then held in accordance with the record that no necessity of any kind had been shown for awarding suit money to the wife.

Each order is affirmed.

Gibson, C. J., Shenk, J., Carter, J., Schauer, J., and Spence, J., concurred.

The petition of appellant in L. A. 23409 for a rehearing was denied July 24, 1956.