[Civ. Nos. 22217, 21948, 22060, 22468, 22340. Second Dist., Div. One. Sept. 3, 1957.]

MARION B. GIDEON, Respondent, v. GEORGE D. GIDEON III, Appellant, and four connected appeals.

George D. Gideon III, in pro. per., for Appellant.

Hahn, Ross & Saunders for Respondent.

DRAPEAU, J. pro tem.*—Plaintiff, Marion B. Gideon, and defendant, George D. Gideon III, are wife and husband. They were married at Ardmore in Pennsylvania, August 10, 1940. They have two children.

The wife brought this action for divorce in 1953. She charged extreme cruelty. Trial was had in 1954, with judgment for the wife.

---

*Assigned by Chairman of Judicial Council.

The judge who tried the case died, and a motion for a new trial was granted by another judge.

The case was again tried in 1955, again resulting in judgment for the wife. Motion for a new trial in this case was denied.

The husband appeals from the judgment (the interlocutory decree of divorce).

He also appeals from four orders made after the judgment.

These five appeals have been combined for briefing, argument and decision by this court. What we say about the divorce case will also apply to the orders. Indeed, when we get through with the divorce case there will be little left to say about the orders.

In the divorce case Mr. Gideon argues:

First, the weight, value, and effect of the evidence. This argument goes all through all of his briefs in all of the cases here under review.

Secondly, that there was fraud, perjury, and misconduct on the part of the wife and her attorneys, and that the findings on these issues are insufficient.

Thirdly, that the trial court should have considered reports of a lie-detector examiner, submitted in support of Mr. Gideon's affidavit for a new trial, and argued in all of his appeals.

Inasmuch as Mr. Gideon has argued and briefed his appeals to this court without the aid of a lawyer, we will comment upon some of his arguments somewhat more at length than we usually do.

Referring now to Mr. Gideon's first contention, as to the weight, value, and effect of the evidence.

He completely misunderstands the function of courts of review in California. These courts by constitutional mandate do not weigh conflicting evidence. The credit to be given to the testimony of any witness is solely for the trial tribunal. And this court has no power to disturb a finding of a trial judge if there is substantial evidence to support it. This rule applies to every type of trial, criminal and civil.

Mr. Gideon is not alone in making this mistake. Time and again, lawyers, and good ones too, counsel and undertake appeals, with only an argument as to the weight, value, and effect of the evidence to support them. And courts of review are astounded at the waste of time and effort, and litigants' money, in such artless, hopeless appeals.

544

■ In a recent divorce case the Supreme Court of California concisely states the rule:

"When a finding of fact is attacked on the ground that there is not any substantial evidence to sustain it, the power of an appellate court *begins* and *ends* with the determination as to whether there is any substantial evidence contradicted or uncontradicted which will support the finding of fact." (*Primm* v. *Primm*, 46 Cal.2d 690, 693 [299 P.2d 231]; *Grainger* v. *Antoyan*, 48 Cal.2d 805, 807 [313 P.2d 848].)

So, having the rule in mind, let us look at the record in this case and see if there is *any* evidence, contradicted or uncontradicted, that supports the finding of cruelty, and the judgment of the superior court based upon that finding.

The wife testified that her husband struck and beat her many times during the marriage. In particular she said that in 1952 he struck her in the face with his fist, "so hard that it knocked me almost unconscious;" that he then dragged her into a bedroom and beat her unmercifully with a thick, heavy, leather belt; and that as a result of this beating her body was covered with bruises and welts.

Later in the trial, defendant himself admitted this sadistic treatment of his wife.

"I took her into the bedroom, and I removed my heavy leather belt, which has been described here already, and I beat her over the back and the buttocks, and I beat her over the legs and she cried, 'George, don't kill me; think of your children.'"

To excuse this conduct Mr. Gideon accused his wife of misconduct. But the trial judge found against him as to that, and, under the substantial evidence rule, that finding is also binding upon this court.

■ It is true that there is a legal rule sometimes called the doctrine of provocation in divorce cases. Our Supreme Court has held that cruelty that is provoked does not give rise to a cause of action for divorce. (*De Burgh* v. *De Burgh*, 39 Cal.2d 858, 862 [250 P.2d 598].) But Mrs. Gideon testified that she was never untrue to her husband; the man Mr. Gideon suspected denied the charges; and all Mr. Gideon had to argue about was an admission made by his wife when he was beating her, and which she testified was untrue and was extorted from her in fear of her life.

This conduct of Mr. Gideon was the worst kind of cruelty. Standing alone, it supports the trial judge's finding of cruelty. Standing alone, it refutes Mr. Gideon's labored

arguments of fraud and perjury. And this court could well stop right here, and affirm the judgment of divorce and all of the orders subsequent thereto.

The most kindly thing that can be said of Mr. Gideon is that he must have a troubled mind. No man of normal mentality would beat and torture his wife as Mr. Gideon admittedly did. And this court sincerely hopes that in his efforts to besmirch the character and reputation of the mother of his children, so painfully apparent all through these cases, that he has not failed to provide his children with the support that any decent father as a matter of natural law owes to them.

However, in view of the seriousness of Mr. Gideon's repeated charges of fraud, perjury, and subornation of perjury, this court has given them considerable attention.

These charges are stated by Mr. Gideon in his brief on his appeal from the orders, as follows:

"The key point raised by defendant in all these proceedings and appeals is that respondent and her attorneys have presented a fraudulent and perjured case and are not deserving of any support or assistance from the courts, that this fraud and perjury were instigated by respondent's attorneys, that this fraud and perjury have been directed and guided in the various proceedings by respondent's attorneys, and that it is the duty of the courts to protect and aid the parties and their children against this perfidy and not to sanction or assist such monstrous conduct."

There is no evidence in the reporter's transcript of the proceedings in the divorce trial that will support any of these charges. Offered testimony of Mrs. Gideon's asserted admissions before the children's court of conciliation and before a judge of the superior court, even if admissible in evidence (see Code Civ. Proc., § 1747), would not prove the fraud and perjury that Mr. Gideon charges.

On this trial he testified that one of Mrs. Gideon's lawyers suborned perjury, "that the whole case for the plaintiff is based on perjury, . . . and I have got all this backed up by my lie detector tests."

These statements were conclusions only, prove nothing, and, as will later appear in this opinion, the lie-detector tests are worthless.

On the motion for a new trial in the divorce case, Mr. Gideon filed an affidavit in which he made the same

charges, supported in the same way. It is to be presumed that the trial judge gave this affidavit the weight that he thought it deserved when he denied the motion for a new trial.

 It has been difficult to state any real charges of fraud or perjury from Mr. Gideon's presentation of this case. For throughout his briefs he labels as "perjury" any testimony contrary to his own, or contrary to his theory of the case. All such statements are based on conflicts in testimony. That testimony could be perjury all right; but the trial judge found otherwise, and under the substantial evidence rule this court must label it truthful.

 The technical objection that the findings of fact do not cover the issues of fraud and perjury has no merit. For the finding of cruelty includes an implied finding as to these charges.

 Every intendment is in favor of a finding of cruelty in a divorce case. Such a finding is not to be overthrown unless it is very plain to an appellate tribunal that the conclusion reached cannot be supported by any rational view of the testimony. (*Polk* v. *Polk*, 50 Cal.App.2d 653, 656 [123 P.2d 550].)

Finally with reference to Mr. Gideon's contention that lie-detector tests support his statements that there was fraud and perjury. In his arguments to this court he says that there was fraud and perjury, and in his affidavit he avers that there was. Then he argues that when he submitted these statements and averments to a lie-detector expert, the expert said they were true.

This is, of course, unstable and illogical reasoning.

 Lie-detector tests have no place in California law. In *People* v. *Carter*, 48 Cal.2d 737, at page 752 [312 P.2d 665], our Supreme Court says: "Lie detector tests do not as yet have enough reliability to justify the admission of expert testimony based on their results." See also *People* v. *Porter*, 136 Cal.App.2d 461 [288 P.2d 561].

In the opinion of this court, use of lie detectors would add a dangerous refinement to our trial practice. For then each witness in a case could go to a lie-detector expert and repeat his testimony. Then the expert could testify that that witness' testimony was true when tested by the lie detector. And then the judge or jury charged with finding the truth could be confounded by as many lie-detector opinions as to whether or not witnesses who gave conflicting testimony told the truth as there were conflicts. One of the primary func-

tions of our trial courts, to find and declare the truth, would then be like flotsam caught in a whirling eddy, go round and round and get nowhere.

The judgment (the interlocutory decree of divorce) will be affirmed.

Now we will take up the appeals from the four orders.

As stated, Mr. Gideon makes the same assertions of fraud and perjury and the same argument as to lie-detector tests of his assertions in each of these appeals. These matters have already been fully discussed in this opinion, and nothing more need be said about them.

█ Appeal Number 21948. This was an order made November 25, 1955, that Mr. Gideon furnish his wife with a copy of the reporter's and clerk's transcript for his appeal in the divorce case; with $100 costs to her lawyer for printing her brief, and $150 for services of her lawyer, payable at the rate of $40 per month.

This order was within the discretion of the trial judge, and will be affirmed.

Appeal Number 22060. This is an appeal from an order dated January 25, 1956. Only two of the several matters in this order need consideration: (1) A modification of the custodial order in the divorce case, and (2) an order for attorney's fees and costs.

█ The order as to custody is not sufficiently specific to be enforced, and will be reversed, without prejudice to the custodial order in the judgment of divorce, or any modification thereof that may hereafter be made. In all other respects the order will be affirmed.

Appeal Number 22340. This is an appeal from two orders for execution and from an order denying defendant's motion to quash the executions, and denying his claims of exemption of his earnings attached by the sheriff.

No abuse of discretion appears in the making of any of these orders, and all of them will be affirmed.

Appeal Number 22468. This is an appeal from an order dated March 22, 1956, directing defendant to pay plaintiff attorney's fees of $50 in this particular appeal.

This order also will be affirmed.

The judgment (the interlocutory decree of divorce) is affirmed.

The order in Appeal Number 21948 is affirmed.

The order in Appeal Number 22060 is affirmed, except that part of it that has to do with custody, which is reversed,

without prejudice to the custodial order in the judgment of divorce, or any modification thereof that may hereafter be made.

The orders in Appeal Number 22340 are, and each of them is, affirmed.

The order in Appeal Number 22468 is affirmed.

White, P. J., and Fourt, J., concurred.

A petition for a rehearing was denied September 25, 1957, and appellant's petition for a hearing by the Supreme Court was denied October 30, 1957.