[Civ. No. 6417. Fourth Dist. Aug. 18, 1960.]

CLAUDE TOLLIVER, Appellant, v. BILL LUNDQUIST et al., Respondents.

George R. Kirk for Appellant.

Dickenson, Sattinger & McKee for Respondents.

COUGHLIN, J.—This is an action in ejectment involving certain real property lying between the Colorado River on the east and the plaintiff's patented homestead on the west.

By his complaint, the plaintiff alleges that he is the owner of, possessed of, and entitled to the possession of the subject property. Admittedly he is not the owner. The plaintiff testified that when he entered upon his homestead in 1928 the land in question was covered by the river, which since has receded; that he built a road upon this land and moved a trailer onto it in 1951; that he cleared the brush from, plowed and planted the land to cotton in 1952; that immediately thereafter the cotton was drowned out by a rise in the river; that he never again attempted to farm the land; that in 1953 he went down to the property twice and camped there for two or three days; and that in 1954 and 1955 he believed he camped on the river-bank and fished a little bit. Several witnesses testified that they had been in the area a number of times during the period in question for various reasons, i.e., fishing, hunting, trapping and in the course of a criminal investigation, and that they never saw any farming on the subject property although they had observed farming on land some distance north thereof; they also located the road work, brush clearing and plaintiff's trailer to the north of the property in dispute. Other testimony indicated that the property claimed by plaintiff was heavily covered with brush, tamarack, willows and cottonwood trees during the years 1951 to 1956; and that the size and thickness of the growth in 1956, when defendants went into possession, indicated that it never had been cleared.

The trial court found that plaintiff was neither the owner, in possession, or entitled to possession of the property in question and caused judgment to be entered against him. From this judgment the plaintiff appeals contending that the evidence is insufficient to support this finding.

"When a finding of fact is attacked on the ground that there is not any substantial evidence to sustain it, the power of an appellate court *begins* and *ends* with the determination as to whether there is any substantial evidence contradicted or uncontradicted which will support the finding of fact." (*Primm* v. *Primm*, 46 Cal.2d 690, 693 [299 P.2d 231]; *Grainger* v. *Antoyan*, 48 Cal.2d 805, 807 [313 P.2d 848].)

"When two or more inferences can reasonably be deduced from the facts, a reviewing court is without power to substitute its deductions for those of the trial court." (*Primm* v. *Primm*, 46 Cal.2d 690, 694 [299 P.2d 231].)

■ Applying these rules to the case at bar, we conclude that the evidence amply supports the decision of the trial court. The testimony heretofore related adequately supports the conclusion that the property which the plaintiff claims to have cleared, improved, farmed and lived upon was not the subject property but to the north thereof; that his camping and fishing visits took place likewise on the land to the north and not on the subject property; and consequently, that he never was in possession of the property which is the subject of this action. On this basis, the evidence is sufficient to sustain the finding of the trial court.

The judgment is affirmed.

Griffin, P. J., and Shepard, J., concurred.