[Civ. No. 6534. Fourth Dist. Apr. 3, 1961.]

JOE RAMON MANZANARES, Appellant, v. ANGELINA MANZANARES, Respondent.

Morris Futlick for Appellant.

Angelina Manzanares, in pro. per., for Respondent.

COUGHLIN, J.—This is an appeal from a judgment denying a default divorce decree.

The complaint herein alleges two causes of action for divorce; one on the ground of extreme cruelty and the other on the ground of wilful desertion. The complaint alleges that the 2-year-old son of the parties was in the custody of his mother, the defendant, who was a fit and proper person to have his custody, and prayed that she be awarded custody subject to the plaintiff's right of reasonable visitation. The default of the defendant was entered. Thereupon the plaintiff presented evidence in support of the allegations of his complaint; testified preliminarily that his son was living with the defendant and it was his desire that she continue to have custody; then, as proof of extreme cruelty, testified that it had come to his attention that the defendant was living with another man and the child was living in the same household with them. This disclosure and the plaintiff's expressed desire that his child should remain with an adulterous mother

shocked the trial judge who forthwith declared his intention to require the mother to appear in court and permit her to be heard, before ruling on the issue of custody or the granting of a divorce. Further testimony by the plaintiff at this time developed that he was a member of the armed forces of the United States; that he had been overseas for the past two years; that his wife indicated to him that she wanted a divorce; that she refused to live with him "as a wife would"; that they had lived apart from one another continuously for about two years; and that he objected to her "living alone and apart" from him "during all this time." As a corroborating witness, the plaintiff produced his aunt whose attention was directed to the plaintiff's testimony respecting his living apart from his wife for two years, and in reply to an inquiry whether this testimony was true or false stated that it was true; she also testified that she had seen the defendant with another man but did not know whether the defendant was "committing adultery or carrying on any immoral acts."

After presentation of the foregoing testimony the court reiterated his intention to require the defendant to appear before him in order that she might have an opportunity to be heard on the child custody issue; stated that there was enough prima facie proof to grant a divorce decree; continued the hearing; and advised the plaintiff that he did not have to return for the purpose of obtaining a decree.

At a subsequent date the defendant appeared, accompanied by the plaintiff's attorney, and testified that since her marriage she never had lived with any man other than her husband; that the man her husband spoke of was a friend of hers; that she had kissed this man; that he never had been in her house; that she attended dances with her husband's aunt while he was away; and that she danced with a lot of boys at these dances. During the course of this hearing the plaintiff's attorney admitted that the evidence did not prove adultery; that the plaintiff's testimony raised only a suspicion of adultery. The court observed that under the then state of the evidence the plaintiff's testimony did not prove extreme cruelty. Thereupon plaintiff's attorney reminded the trial judge of the latter's previous declaration that the plaintiff's testimony established a prima facie case for divorce. In reply the trial judge indicated that the state of the record had changed. The plaintiff's testimony respecting what he had heard about his wife's conduct, which his attorney admitted established no more than a suspicion of adultery, was wholly

insufficient to support the charge of extreme cruelty. After considerable discussion with respect to the sufficiency of the evidence to justify granting a divorce, the attorney for the plaintiff stated: "Your Honor, you heard all the testimony, and I think I am not going to bring in witnesses to enlarge upon it." Thereafter, on a number of occasions, the trial court advised the attorney that the evidence was not sufficient to warrant granting a divorce, but offered to continue the hearing in order to give the plaintiff an opportunity to present additional evidence. This offer was declined. However, the attorney asked the defendant some additional questions which elicited the information that her husband had been overseas since March 1958 but had been back, although "not very long"; that he had been home the year previously when they lived together for two weeks. This testimony was in contradiction of the plaintiff's testimony that he had not lived with his wife for two years. When the court again indicated his intention to deny a decree of divorce on the record as presented, the defendant volunteered that she and her husband were not happy together; were always fighting; and could not live together. Thereupon the trial judge again expressed the opinion that the evidence did not justify granting a divorce and suggested that the hearing be continued to enable the plaintiff to present additional proof; the suggestion was rejected; the matter was submitted; and the court denied a decree "for failure of proof, and failure of proper corroboration." The appeal now under consideration was taken from the judgment which followed.

The plaintiff claims that he was entitled as a matter of law to a judgment of divorce on the evidence presented. In support of his position he relies upon the general rule that the uncontradicted and unimpeached testimony of a witness tending to establish an issuable fact may not be arbitrarily disregarded by the trial court (*Hayward* v. *Rogers,* 62 Cal. 348, 372; *Shepard* v. *Shepard,* 65 Cal.App. 310, 314 [223 P. 1012]), and contends that the plaintiff's testimony establishes extreme cruelty and wilful desertion. However, there was evidence before the trial court which contradicted and impeached the plaintiff's testimony. The defendant testified that she and the plaintiff had not been separated for two years; that they had lived together for two weeks during the previous year; and thus contradicted the plaintiff's testimony. Under established principles the court was entitled to conclude that the plaintiff had wilfully testified falsely and reject the

whole of his testimony. (Code Civ. Proc., § 2061, subd. 3.)
 The fact that the defendant was required by the court to attend and testify because of the trial judge's concern for the custody of the minor child, did not foreclose the court from considering this testimony in determining other issues presented for decision. (*Hammond* v. *Hammond,* 92 Cal.App. 212, 215 [267 P. 893].)

 To establish a cause of action for desertion it must be proven that the defendant voluntarily separated from the plaintiff with intent to desert, and that such separation continued for a period of one year. (Civ. Code, §§ 95, 107; *Fallon* v. *Fallon,* 83 Cal.App.2d 798, 803 [189 P.2d 766].) The evidence on this issue did not satisfactorily establish whether the defendant deserted plaintiff or the plaintiff deserted the defendant. There is no evidence as to when the act of separation took place. Testimony that the parties lived apart for two years does not require the conclusion that the defendant's refusal to live with the plaintiff "as a wife would" occurred at the beginning or at the end of this period. Furthermore, the evidence supported the inference that the separation of the parties was due to the overseas assignment of the plaintiff and not to any willful act of desertion on the part of defendant. When one of two conflicting inferences reasonably may be drawn from the evidence and the sufficiency of a finding based thereon is attacked on appeal, the inference in support of the questioned finding must be accepted as true. (*Primm* v. *Primm,* 46 Cal.2d 690, 694 [299 P.2d 231].) In addition, there is no explanation of the plaintiff's testimony that the defendant refused to live with him "as a wife would." His concept of the manner in which a wife should live with her husband and the law's concept thereof might very well differ. Her refusal to conform or submit to a standard not required by law would not constitute a desertion. (*Hutton* v. *Hutton,* 109 Cal.App.2d 567, 568 [241 P.2d 53]; *Gray* v. *Gray,* 125 Cal.App. 203, 205 [13 P.2d 862].) The elements of voluntary separation, intent to desert and the period of desertion are not satisfactorily established by the evidence in this case.

 The alleged acts of cruelty by the defendant of which the plaintiff complained and which he testified disturbed him mentally were her living with another man and her statement that she was in love with this person and wanted a divorce. The plaintiff's testimony with respect to the alleged adultery was mere hearsay. His attorney, when confronted

with the defendant's testimony, admitted that the plaintiff's proof established no more than a suspicion of adultery. The defendant's testimony unequivocally contradicted that of the plaintiff. The court observed that adultery had not been proven. Relying upon this observation, the plaintiff claims that the court erred in denying a divorce because its denial was based on a cause of action not pleaded or relied upon by him, i.e., adultery. However, the trial judge made it very clear that he denied the divorce because the proof was insufficient to sustain either cause of action stated in the complaint. The remaining testimony of the plaintiff did not establish cruelty as a matter of law. ▮ ▮ On appeal from a judgment in a divorce action, as in other actions, every intendment is in favor of the findings made by the trial court; and "although it be admitted that the defendant's acts were wrong and unjustifiable, nevertheless considerable latitude is allowed to the court in determining whether such acts constituted extreme cruelty of the nature and kind as to make mandatory a severance of the marital bonds." (*Polk* v. *Polk,* 50 Cal.App.2d 653, 656 [123 P.2d 550].)

▮ In the case at bar the trial judge also made it clear that the corroborative evidence was insufficient. This was an additional reason for denying the divorce.

"No divorce can be granted upon . . . the uncorroborated statement, admission, or testimony of the parties. . . ." (Civ. Code, § 130.)

▮ The testimony of a defendant in a default divorce proceeding may not be taken as corroborative of testimony given by the plaintiff. (*Howard* v. *Howard,* 105 Cal.App.2d 126, 128 [232 P.2d 530]; *Dean* v. *Dean,* 97 Cal.App.2d 455, 456 [218 P.2d 54]; *Truax* v. *Truax,* 62 Cal.App.2d 441, 444 [145 P.2d 88]; *Ritter* v. *Ritter,* 103 Cal.App. 583, 590 [284 P. 950].) As a consequence, the testimony of the defendant in the case at bar is not acceptable corroboration of the plaintiff's testimony that his wife told him she loved another man and wanted a divorce.

▮ Where a husband in his complaint charges his wife with extreme cruelty, but alleges that she is a fit and proper person to have custody of his minor child, and prays that custody of his child be given to her; obtains his wife's default on the basis of these allegations; and in the course of the subsequent hearing, upon examination by the judge, testifies that the basis for his charge of cruelty is the reported adultery of his wife and that she continues to live in adultery but he is

willing that his son should remain with her; and where the wife denies the adultery when given the opportunity to testify on the issue of the custody of her child, but is willing that her husband obtain a divorce, the court is entitled to suspect that the husband and wife are in collusion. ▮ The main purpose of the rule requiring the corroboration of the testimony of the parties in a divorce proceeding is to prevent collusion. (*Ruggles* v. *Ruggles,* 43 Cal.2d 547, 548 [275 P.2d 42]; *MacDonald* v. *MacDonald,* 155 Cal. 665, 671 [102 P. 927, 25 L.R.A. N.S. 45]; *Gleason* v. *Gleason,* 13 Cal.App.2d 231, 232 [56 P.2d 973].) The evidence in the instant case presents a classic illustration of the reason for the rule. ▮ Although only slight additional proof is necessary as corroborative evidence where it is clear that no collusion exists (*Ruggles* v. *Ruggles, supra,* 43 Cal.2d 547, 548; *Cone* v. *Cone,* 131 Cal. App.2d 424, 429 [280 P.2d 871]), a greater amount of proof may be required where, as here, the probability of collusion is present. ▮ ▮ The sufficiency of corroborative evidence in a default action should be considered in the light of the reason for the rule which requires it (*Dowd* v. *Dowd,* 111 Cal.App.2d 760, 763 [245 P.2d 339]), and is largely a matter for determination by the trial court. (*Price* v. *Price,* 71 Cal.App.2d 734, 736 [163 P.2d 501]; *Ungemach* v. *Ungemach,* 61 Cal.App.2d 29, 36 [142 P.2d 99].) Whether the required degree of corroboration was present in the instant case was a question of fact, and the determination thereof by the trial court is binding on appeal. ▮ The testimony of the plaintiff's aunt that she had seen the defendant with another man is not corroboration of conduct entitling the plaintiff to a divorce on the ground of extreme cruelty (*Dean* v. *Dean, supra,* 97 Cal.App.2d 455, 456), yet this is the only alleged corroborative testimony on that issue. ▮ Considerable latitude is allowed the trial court in determining what constitutes extreme cruelty. (*Polk* v. *Polk, supra,* 50 Cal.App.2d 653, 656.) The corroborative proof on the issue of desertion was limited to attesting to the truth of the testimony given by the plaintiff, the inadequacy of which heretofore has been noted. ▮ Corroborative testimony to the fact of separation without any bearing on the reason therefor or the intent of the parties is not sufficient. (*Sweet* v. *Sweet,* 64 Cal.App. 786, 788 [222 P. 634]; *Fallon* v. *Fallon, supra,* 83 Cal.App.2d 798, 803.)

The trial judge on several occasions during the course of the hearing, after advising counsel for the plaintiff that the

evidence was not sufficient to sustain the granting of a divorce, offered to continue the hearing and permit the plaintiff to present additional testimony in support of his complaint; counsel rejected this offer; asked and received permission to cross-examine the defendant; refused to present any additional testimony; and requested that the matter be submitted on the evidence adduced. The judgment which followed was inevitable and proper.

The court should not be "a mere instrument of convenience in the dissolution of marriages." (*Julson* v. *Julson,* 110 Cal.App.2d 797, 800 [243 P.2d 558].)

"The law is at all times very solicitous to preserve the integrity of the marriage relation. That relation is the basis of the family, the foundation of society. It cannot be destroyed by the mere consent, whim, or caprice of the parties to the marriage, nor can it be stipulated away in judicial proceedings. The relation can be dissolved only by consent of the state, and upon statutory grounds, presented in good faith to a court of competent jurisdiction. An action for divorce concerns not only the parties immediately interested, but also the state. The attorneys in the case represent the respective parties—the court in a sense represents the state. It is the duty of the court, representing the state, in accordance with the letter and policy of the law, to guard strictly against fraud, collusion, or imposition when the husband or wife seeks to dissolve the bonds that bind them together." (*Rehfuss* v. *Rehfuss,* 169 Cal. 86, 92 [145 P. 1020].)

The circumstances in the instant case imposed upon the court a three-fold duty, i.e., to give primary consideration to the protection and best interests of the minor child in making an appropriate custody order; to represent the state; and to afford the parties every right to which they were entitled under the law. The record before us attests the conscientious awareness and faithful discharge of these obligations by the trial judge who conducted the hearing in this matter.

The judgment is affirmed.

Griffin, P. J., and Shepard, J., concurred.