[Civ. No. 7087. Fourth Dist. July 31, 1963.]

FRANK LEROY OBERDING et al., Cross-defendants and Appellants, v. TRAVEL PLAN, INC., Cross-complainant and Respondent.

Martin B. Weinberg and Rodney M. Berke for Cross-dedendants and Appellants.

Stephen F. Gallagher for Cross-complainant and Respondent.

BROWN (Gerald), J.—The matters raised in the complaint and answer thereto were settled by stipulation of the parties, and the case proceeded to trial on the issues developed by the cross-complaint and answer, to determine what sums of money, if any, were owing cross-complainant and whether a deed of trust was security for any amount due. From a judgment favoring the cross-complainant, this appeal was taken on two grounds, that the trial court erred in applying the parol evidence rule, and the evidence does not support the judgment.

Pursuant to written agreements dated May 15, 1957, and July 30, 1957, appellants Max Kozak and Frank LeRoy Oberding carried on a used car business financed by respondent Travel Plan, Inc. On May 15, 1957, Oberding gave re-

spondent as beneficiary a deed of trust to secure payment of a promissory note from himself and Max Kozak to respondent. The property described in the deed of trust was actually the community property of Max and Betty Kozak although it was in Oberding's name.

The agreements of May 15 and July 30 were cancelled in August 1957. No demand was made for a reconveyance of the deed of trust, although the note was cancelled. Thereafter Max Kozak continued the operation of the used car business; there was evidence that during this time and before September 15, 1957, the parties orally agreed that the trust deed would continue as security for any obligations due from Kozak to respondent, in lieu of Kozak's furnishing a $30,000 bond which Kozak was reluctant to obtain.

On September 15, 1957 Max Kozak and respondent entered into a third agreement which was in the nature of an employment contract. This contract was prepared by an attorney for respondent who was a stranger to the earlier agreements, and no mention was made in the agreement of the deed of trust continuing as security. The trial court admitted evidence of the oral agreement between Kozak and respondent that the deed of trust was to continue as security under the employment contract in lieu of Kozak furnishing a bond. ■ Appellants contend the court erred in admitting this evidence, relying upon Civil Code, section 1698 which provides: "A contract in writing may be altered by a contract in writing, or by an executed oral agreement, and not otherwise."

There is an exception to this rule, however, which provides that evidence of a prior collateral oral agreement may be introduced into evidence where it is not inconsistent with the terms of the written document even though it relates to the same subject matter. It is stated in *Whittier* v. *Home Savings Bank,* 161 Cal. 311, 317 [119 P. 92]: " 'The rule that an agreement in writing supersedes all prior or contemporaneous oral negotiations or stipulations concerning its matter has no application to a collateral agreement upon which the instrument is silent, and which does not purport to affect the terms of the instrument.' "

■ The evidence supports the conclusion that the parties, before entering into the employment agreement of September 15, 1957, orally agreed and intended that the deed of trust would remain as security for any obligations owing respondent.

While appellants contend that substantial evidence is lacking to support the judgment they concede the point by stating in their brief, "Essentially, it has been the word of respondent and his accountant against appellant Max Kozak regarding these alleged conversations pertaining to the trust deed's continuing as security for the performance of the employment contract and in lieu of securing a $30,000.00 performance bond." The trial court was in a position to hear the testimony, observe the witnesses and form impressions with respect to who was more worthy of belief. The evidence, although contradicted, was substantial. This court cannot retry the case. (*Primm* v. *Primm,* 46 Cal.2d 690, 694 [299 P.2d 231].)

The judgment is affirmed.

Griffin, P. J., and Conley, J.,* concurred.

Appellants' petition for a hearing by the Supreme Court was denied September 18, 1963.

---

*Assigned by Chairman of Judicial Council.