[Civ. No. 7275. Fourth Dist. June 4, 1964.]

GEORGE W. BAYNE et al., Plaintiffs and Respondents, v. ORWIN H. JOLLEY, Defendant and Appellant.

Harelson, Enright, Von Kalinowski & Levitt, Gilbert Harelson, Crittenden, Gibbs & Heid and Pierce M. Kavanagh for Defendant and Appellant.

Charles A. Pratt for Plaintiffs and Respondents.

BROWN (Gerald), J.—From a judgment for plaintiffs George and Lucy Bayne, decreeing that defendant Orwin H. Jolley had charged them usurious interest on a $50,000 loan and awarding $18,791.53 treble damages, defendant appeals.

Early in December 1960 Bayne sought to borrow $50,000 from Jolley and received a tentative commitment, which was later rescinded. Jolley suggested that Bayne procure the loan through the San Diego Mortgage Company, but in order to avoid paying a broker's commission Bayne chose not to do so. Jolley's daughter was employed as a broker for the Mortgage Company, and would normally receive a commission for negotiating such a loan. Earlier she had earned a commission by negotiating a loan between Bayne and her father. Bayne continued to negotiate with Jolley during the months of December and January until early in February

when Jolley's daughter called Bayne to arrange an appointment for herself and her father to visit him. At this meeting the loan was arranged. Jolley was to pay $50,000 into escrow; Bayne was to receive the proceeds from escrow less escrow expenses; he was to pay 10 per cent interest and sign a note for $55,000, the additional $5,000 purporting to be paid to Jolley's daughter as a commission for negotiating the loan; the $5,000 was to be paid to Jolley's daughter by Jolley outside of escrow. The loan was made. The commission was paid by a bookkeeping entry crediting $5,000 to a prior indebtedness owing to Jolley from his daughter, and she reported the $5,000 on her income tax return.

■ A contention is made that the trial court erred in finding that the daughter acted solely as Jolley's agent. Jolley's position is that she acted for both parties, and materially assisted Bayne in persuading her father to reduce the prepayment charge, and schedule the interest payments. This contention is without merit. The evidence adequately supports the trial court's finding that the daughter acted solely as her father's agent. There was evidence that: (1) the daughter was not employed by Bayne; (2) she did not procure the lender; (3) Bayne directly negotiated with Jolley; (4) Bayne was not advised by the daughter that she was representing him; (5) Jolley did not contact her in connection with this transaction; (6) there was a preexisting agreement between Jolley and his daughter that no loan would be made unless she received a commission. Whether the daughter was her father's agent is a question of fact. (*Wright* v. *Lowe*, 140 Cal.App.2d 891, 896 [296 P.2d 34]; *Mayers* v. *Litow*, 154 Cal.App.2d 413, 417 [316 P.2d 351].) The trial court's findings, supported by substantial evidence, will not be disturbed on appeal. (*Thomas* v. *Hunt Mfg. Corp.*, 42 Cal.2d 734, 736 [269 P.2d 12]; *Primm* v. *Primm*, 46 Cal.2d 690, 693 [299 P.2d 231]; *Estate of Bristol*, 23 Cal.2d 221, 223 [143 P.2d 689].)

■ Jolley claims that he received no direct benefit from the commission paid to his daughter, and therefore the payment of the commission cannot be held to be the equivalent of an additional interest payment rendering the interest rate usurious. Whether the transaction under the circumstances of this case was usurious is a question of fact. (*Charlotte Guyer & Associates* v. *Franklin Factors*, 211 Cal.App.2d 690, 694 [27 Cal.Rptr. 575]; *Janisse* v. *Winston Investment Co.*, 154 Cal.App.2d 580, 582 [317 P.2d 48, 67 A.L.R.2d 225]; *Wheel-*

*er* v. *Superior Mortgage Co.,* 196 Cal.App.2d 822, 829 [17 Cal.Rptr. 291].) There is sufficient evidence to substantiate the court's finding that the escrow instruction and instruction to pay the commission were merely devices by which the defendant sought to evade the usury law. The extraction of an additional payment in the form of a commission from which the lender will benefit, either directly or indirectly, is in effect a charge of additional interest and will render usurious a loan made at the maximum interest rate. (*Wheeler* v. *Superior Mortgage Co.,* 196 Cal.App.2d 822, 828-829 [17 Cal.Rptr. 291]; *Haines* v. *Commercial Mortgage Co.,* 200 Cal. 609, 617 [254 P. 956, 255 P. 805, 53 A.L.R. 725].) Here, not only was there a family relationship suggesting a benefit to Jolley (*Tushner* v. *Savage,* 219 Cal.App.2d 71, 78 [33 Cal.Rptr. 247]) but also the application of the added charge to the debt owing to him, and the possibility that the trier of fact chose to believe the debt was not bona fide, or that the commission was paid by Jolley out of the added charge.

 Jolley next contends that the trial court erred in refusing to accept evidence of a municipal court judgment in which the Mortgage Company recovered one-half of the $5,000 added charge under the terms of its contract with Jolley's daughter. Jolley concludes that the municipal court judgment established that the payment was a legitimate commission. He asserts this court should take judicial notice of that judgment in order to resolve the apparent conflict between it and the superior court judgment in this action in which the commission was held to be a sham representing a disguised interest payment. The trial court did not err in refusing to admit the municipal court judgment. No conflict exists between the judgment in the municipal court, and the judgment of the superior court.

Jolley's final argument is that equity requires the alleged conflict in the judgments be resolved lest he be left with no interest on his loan and his daughter on the one hand will be required to pay $2,500 to the Mortgage Company and on the other obligated to return the $5,000 to him since she did not earn a commission. Although Jolley protests he will receive no interest on his loan, this is the penalty for usury. (*Goodwin* v. *Alston,* 130 Cal.App.2d 664, 670 [280 P.2d 34].) If the daughter is required to pay her employer $2,500, this is the burden of her contract with her employer. Neither judgment, however, obligates her to return any money to her

father. If as Jolley argues, Bayne employed his daughter, and if Bayne paid her a bona fide commission, her failure to earn the commission should result in a refund to Bayne. Jolley's claim to this fund, however, betrays his true understanding of the transaction. For Jolley to take this position is a concession that he was his daughter's sole principal in this transaction, and an admission that he obtained an additional interest payment from the plaintiffs which, despite what he says is the general practice in the industry, he paid to his daughter for her services in his behalf.

The judgment is affirmed.

Griffin, P. J., and Coughlin, J., concurred.

A petition for a rehearing was denied June 29, 1964, and appellant's petition for a hearing by the Supreme Court was denied July 29, 1964. Schauer, J., was of the opinion that the petition should be granted.