[Crim. No. 14153.   Second Dist., Div. Five.   Nov. 27, 1968]

THE PEOPLE, Plaintiff and Respondent, v. ABRAHAM JESSIE RODRIGUEZ, Defendant and Appellant.

Joseph Amato, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James,

Assistant Attorney General, and Mark A. Ivener, Deputy Attorney General, for Plaintiff and Respondent.

DRUCKER, J. pro tem.*—

### Statement of the Case

A petition to commit appellant as a narcotic drug addict was filed by the district attorney on June 20, 1967, in accordance with the provisions of section 3100 of the Welfare and Institutions Code (under art. 3, entitled "Involuntary Commitment of Persons Not Charged With a Crime").

There was also filed on the same day an application for admission of appellant as an alleged narcotic drug addict under section 3100.6 of the Welfare and Institutions Code. An affidavit of examination within twenty-four hours by Patrick J. Lavelle, M.D., was filed with the said petition. The affidavit stated in part: "This examination determined that the patient had slurred speech, he was perspiring profusely, and the pupils were dilated to 7.0 mm in the dark and contracted to 6.0 mm in the light of a flashlight. These are the dilated pupils of a patient who had the last 'fix' approximately 24 hours before the examination. The patient demonstrated old tracks and recent puncture wounds on the arms. On the right arm, there were old scars . . . in the bend of the elbow itself, was a roughly V-shaped newly formed indurated, reddened track; and superimposed on the track were at least 10 fresh puncture wounds estimated from 1 to 10 days old. . . ." In an addendum attached to the affidavit the doctor concludes: "It is this examiner's opinion that this patient is an actual narcotic addict, and at the time of this examination is in mild and early stages of narcotic withdrawal."

The order of detention in accordance with section 3102 of the Welfare and Institutions Code was signed June 20, 1967.

A deputy public defender was appointed, and appellant was arraigned. At the hearing both parties presented evidence on the issue of probable cause.

The court found appellant to be a narcotics addict within the meaning of section 3100 of the Welfare and Institutions Code and committed him to the California Rehabilitation Center at Corona.

Appellant appeals from said order.

### Facts

Deputy Sheriff Edward Douglas, assigned to the Firestone

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

Station, testified that on June 18, 1967, he and his partner observed a car making an unsafe entry on Florence Avenue from Whitsett. They followed the car, attempting to stop it for the Vehicle Code violation. The car proceeded to make four righthand turns, completely around the block. The deputies turned on the red lights and used the horn to attract attention. The car proceeded for approximately three blocks westward on Florence. During this time the occupants of the vehicle, on several occasions, turned and looked in the direction of the police vehicle. The car finally came to a stop in a parking lot just east of Compton Avenue.

The deputies approached the vehicle, Douglas on the right side and his partner on the driver's side. Douglas observed the appellant sitting in the right front seat. He saw both occupants of the car "straighten up as if they had been reaching from the floor." Appellant placed something in his mouth and was attempting to swallow it. Officer Douglas asked him to open his mouth, but he made no reply. The officer asked appellant what was in his mouth, and grabbed his arm, ordering him to spit it out. Ultimately appellant was successful in swallowing the substance he had in his mouth. The officer made a cursory search for weapons, but found none. He did find four yellowish capsules containing a white powder in appellant's left front trouser pocket. Officer Douglas asked appellant what these were and if he was a user of narcotics. (The capsules he found are known as "yellow jackets" and contain barbiturates.) Appellant was wearing a short-sleeved shirt, and the officer observed numerous scar marks and some scabs on his arms, and he was "sweating."

Appellant was placed under arrest for possession of dangerous drugs, and the vehicle was impounded.

Officer John L. Paillet, stipulated to be "a narcotics expert in the area of narcotics detection," testified with particularity that there were numerous scars and puncture wounds on both arms of appellant "located directly over a vein and indicative of illegal use of narcotics" and that there were "on his left arm, inner elbow, in a one-inch area, six fresh puncture wounds. On the right arm, in a two and a half-inch area of old scar tissue, twelve fresh puncture wounds, and on the right forearm, in a three-inch area, there were five fresh puncture wounds."

Based on these findings, he filed an application for appellant's admission to the infirmary pursuant to section 3100.6 of the Welfare and Institutions Code.

Officer Paillet informed appellant of his constitutional rights, and the appellant stated that he understood these rights.

Appellant Rodriguez testified that just before the officer approached him, he put some ''gum'' in his mouth and threw the wrapper in the ashtray, and that he swallowed the gum. He admitted that he had used barbiturates.

Dr. Lavelle's testimony was as set forth in his affidavit heretofore quoted, plus more detail. He averred that he found appellant to be physically and emotionally dependent on narcotics.

### Sufficiency of the Evidence

■ Appellant contends that the ''evidence was insufficient to determine if the appellant was a narcotic addict or in imminent danger of being addicted to the use of narcotics'' and that ''the court committed reversible error in committing'' him ''because the tri-partite requirements of being a narcotic addict were not established sufficiently by the People at the hearing, namely, physical dependence, tolerance, and emotional dependence on narcotics.'' He cites the case of *People* v. *Victor,* 62 Cal.2d 280 at p. 302 [42 Cal.Rptr. 199, 398 P.2d 391].

Contrary to appellant's contention, the ''[Victor] . . . decision does not require proof of all of the characteristics of addiction before a patient may be confined for the treatment.'' (*People* v. *Donel,* 255 Cal.App.2d 394, 398 [63 Cal. Rptr. 168].)

In the instant case, the defendant, upon medical examination, exhibited all of the symptoms and telltale signs of addiction. In the opinion of the medical examiner, the defendant ''is in mild and early stages of narcotic withdrawal'' and was found to be physically and emotionally dependent upon narcotics. The prosecution has more than met the burden of proving addiction, as defined in *People* v. *O'Neil,* 62 Cal.2d 748, 754 [44 Cal.Rptr. 320, 401 P.2d 928, 17 A.L.R.3d 806], wherein the court said: ''The prosecution need not prove that the individual was actually in a state of withdrawal while driving the vehicle. The prosecution's burden is to show (1) that the defendant has become 'emotionally dependent' on the drug in the sense that he experiences a compulsive need to continue its use, (2) that he has developed a 'tolerance' to its effects and hence requires larger and more potent doses, and

(3) that he has become 'physically dependent' so as to suffer withdrawal symptoms if he is deprived of his dosage.''

As we said in *People* v. *Duncan,* 255 Cal.App.2d 75, 78 [62 Cal.Rptr. 822] : ''The court recognized in the *O'Neil* case and in the case of *People* v. *Victor* (1965) 62 Cal.2d 280, 304 [42 Cal.Rptr. 199, 398 P.2d 391], that addiction is 'more a process than an event.' The court's reference to emotional dependence and tolerance is a description of stages in the process which ultimately result in addiction. If the person who has been taking drugs has reached the stage of suffering withdrawal sickness when drugs are discontinued, he has already passed the points of emotional dependence and tolerance. The withdrawal sickness is the unmistakable signal that the user is addicted.''

The court found that the appellant is a narcotic addict and ordered him committed to the California Rehabilitation Center. There was substantial evidence to support the finding and judgment of the court in the testimony of Dr. Lavelle, arresting Officer Douglas and narcotics expert Paillet.

■ ''The test on appeal is whether there is substantial evidence to support the conclusion of the trier of fact.'' (*People* v. *Daugherty* (1953) 40 Cal.2d 876, at p. 885 [256 P.2d 911] ; *Primm* v. *Primm,* 46 Cal.2d 690, 693 [299 P.2d 231].)

The judgment is affirmed.

Kaus, P. J., and Stephens, J., concurred.