LILLIAN E. DUKEHART *et al. vs.* LEROY A. FALES.

NOVEMBER 19, 1928.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

SWEENEY, J. This action is before us on exception to a ruling of a justice of the Superior Court defaulting defendant after he had filed a plea in abatement.

The action is assumpsit originally brought in the Superior Court. Defendant filed a plea in abatement stating that the cause of action was the subject of another action then pending between the same parties in said court and prayed judgment if he should be required to further answer said writ and declaration. Plaintiffs filed no demurrer or replication to this plea. On plaintiffs' motion the case was assigned for jury trial to be heard October 19, 1927. When the case was reached defendant's attorney moved that the case be passed because the pleadings were not closed. Plaintiffs' attorney stated that after the plea in abatement had been filed the prior action mentioned therein had been discontinued and claimed that the plea in abatement was no longer of any effect. Defendant's attorney stated that he relied upon the plea and that he was not ready for trial on the merits of the case as defendant was not present. The court ruled that the plea in abatement was no longer true and, upon plaintiffs' insistence on trial, defaulted the defendant. On this state of the record did the trial justice err in defaulting the defendant? We think he did.

A plea in abatement alleging the pendency of a prior action for the same cause between the same parties in the same court is a valid plea and will abate the later action.

1 C. J. 45. Such pleas are recognized in this State. *Gardner* v. *James*, 5 R. I. 235; *Bullock* v. *Bolles*, 9 R. I. 501; *Polsey & Co.* v. *White Rose Mfg. Co.*, 19 R. I. 492; *Banigan* v. *Woonsocket Rubber Co.*, 22 R. I. 93; *Slocum* v. *Wilbour*, 23 R. I. 97. In a plea in abatement defendant prays judgment whether he should be required to further answer the writ and declaration. The replication to such a plea prays that defendant be required to answer over. If the plea is not sustained the judgment is that the defendant answer over. Tyler's Stephen on Pleading 133; *Whitford* v. *Flanders*, 14 N. H. 371. In such a case, under our practice, defendant should be allowed a reasonable time within which to file pleas. Such practice is analogous to that prevailing in case of demurrer being overruled, the party demurring is allowed to plead over. *Municipal Court of Providence* v. *McElroy et al.*, 19 R. I. 40; *Reid* v. *Prov. Journal Co.*, 20 R. I. 120; *Slocum* v. *Wilbour, supra; Banigan* v. *Woonsocket Rubber Co., supra.*

Defendant's exception is sustained. The case is remitted to the Superior Court for further proceedings.

*Fitzgerald & Higgins, John J. McGrane*, for plaintiff.
*Charles R. Easton*, for defendant.