[Civ. No. 17899. Second Dist., Div. One. June 25, 1951.]

WINIFRED HOWARD, Appellant, v. FRED HOWARD, Respondent.

[Civ. No. 17900. Second Dist., Div. One. June 25, 1951.]

FREDERICK ALLAN HOWARD, Respondent, v. WINIFRED DAVIS HOWARD, Appellant.

Barry Sullivan for Appellant.

A. Brigham Rose for Respondent.

HANSON, J. pro tem.—This is an action for divorce or rather we should say two actions for one and the same divorce, one instituted by the wife against her husband and the other by the husband against the wife.

The wife instituted her action for divorce *in propria persona* by filing her complaint on February 3, 1949, but without serving her husband with summons. Without knowledge of her action the husband filed his action for divorce on March 14, 1949. The wife filed an answer therein to the merits and not by way of abatement. The husband likewise filed an answer in the action instituted by the wife. In that answer he specifically averred that he had instituted a separate action for divorce against her in which summons had been issued and served and that he reserved the right to prosecute that action.

The two actions came on for trial at the same time before the same judge with a stipulation on the part of the parties that all evidence introduced in either action should be deemed introduced in the other.

The trial judge found that the husband was entitled to a divorce and that a certain real property, title to which was of record in the adult daughter of the wife by a former marriage, was the community property of the parties to the divorce actions. From a judgment entered accordingly in the action of the husband and a judgment entered in her action denying her a divorce without any adjudication as to the property rights of the parties, the wife appeals. As her briefs do not assign any errors with respect to the action she instituted, we deem that appeal to be abandoned. In the action instituted by her husband the wife assigns as error (1) a want of jurisdiction in the court below (2) insufficiency of the evidence to warrant granting a divorce to the husband (3) insufficiency of evidence to sustain the court's award as to property. In view of the conclusion we have reached as to the disposition that must be made of the case we shall not discuss the last error assigned.

█ The contention that the court was without jurisdiction to entertain the action of the husband is based on the thought that it abated *ipso facto* because it was filed after the action by the wife. The rule is otherwise. (*Capuccio* v. *Caire,* 189 Cal. 514 [209 P. 367] ; 1 C.J.S. 119.)

█ The next contention made by the appellant wife is that the evidence in behalf of the husband was insufficient to sustain a decree of divorce in his favor. It is plain to us that the evidence would have been ample to sustain the decree were it not for the fact that the evidence was not corroborated in any particular except as to the residence requirements. The fact that the testimony and admissions of the wife amply corroborated the evidence of the husband is of no avail as the statute (Civ. Code, § 130) expressly lays down the rule that "No divorce can be granted . . . upon the uncorroborated statement, admission, or testimony of the parties." In short, testimony of a third person, not a party, is required by way of corroboration. (*Dean* v. *Dean,* 97 Cal.App.2d 455 [218 P.2d 54].)

The judgment in the husband's action (Civil 17900) is reversed and a new trial is ordered; the judgment denying a divorce to the wife in her action (Civil 17899) is affirmed. The appeals from the orders denying motions for new trial are dismissed.

White, P. J. and Drapeau, J., concurred.

The opinion and judgment were modified to read as above printed and a petition for a rehearing was denied July 24, 1951.