ELPHAGE MESSIER *et al. vs.*

JAMES S. DANEKER, *Acting Liquor Control Adm'r.*

JANUARY 8, 1954.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

CAPOTOSTO, J.   This petition for certiorari was brought by certain objectors to quash the decision of the respondent, as state liquor control administrator, on the ground that he acted without or in excess of his jurisdiction in denying an appeal to him from the granting by the board of aldermen of the city of Pawtucket, sitting as a board of license commissioners, of a class D or club license to the East Side Checker Club of that city.   Pursuant to the writ the papers have been certified to this court.   Hereinafter the respondent will be referred to as the administrator, the board of license commissioners of Pawtucket as the board, and the East Side Checker Club as the club.

The precise question sought to be raised by the club, which was allowed by this court to intervene as a party, is whether the petitioners, as objectors, were entitled to appeal to the administrator from the decision of the board. Although not a party to the appeal at the hearing before

the administrator, the club was permitted to participate therein and, through counsel, moved at the outset of the hearing that the appeal be dismissed on the basis of the question above referred to. The administrator denied such motion, noted the club's exception to his ruling, and proceeded to hear the appeal.

With the exception of the question of law thus raised, the determinative issue before the administrator involved a pure question of fact, namely, whether the club was in reality a club within the meaning of our laws governing the issuance of a class D license, or whether in substance and effect it was nothing more than an ordinary barroom operated for the benefit of a certain individual. The appeal was heard and decided by the administrator on such theory. Our examination of the record in the instant proceeding reveals much conflicting evidence as to the above-mentioned factual issue. Since it is well established that on certiorari we do not weigh the evidence, it is unnecessary for us to state the facts in detail as there was legal evidence to warrant the administrator, in the exercise of his discretion, to confirm, reverse or modify the decision of the local licensing board.

In this state the sale of intoxicating beverages under a system of various types of licenses is controlled by general laws 1938, title XX, and its dependent chapters 162 to 175 inclusive, as amended. A "club" within the meaning of the statute is defined in chap. 162, §1. Subject to certain conditions immaterial in this case the grant or refusal of a class D or club license rests in the first instance entirely in the discretion of the local licensing authorities. Chapter 163, §2. By the provisions of chap. 164, §5, the administrator, formerly the division of intoxicating beverages, is empowered to prescribe in the public interest the form of the license and the conditions and regulations controlling the privilege granted. Section 9 of chapter 164 also provides that upon the application of any petitioner for a license or of any

person authorized to protest against the granting thereof, the administrator shall have the right to review the decision of the local board if a petition to that end is presented to him within ten days, and that he shall have the power, after hearing, to confirm, reverse or modify such decision.

The right of review thus granted is broad and comprehensive and in effect establishes the administrator as a state superlicensing official to the same extent as was the division of intoxicating beverages previously. Public laws 1948, chap. 2124. As such, he has the right in his sound discretion to hear cases *de novo* either in whole or in part. *Kaskela* v. *Daneker*, 76 R. I. 405, 407, and cases cited. On certiorari this court can review his decision only on alleged errors of law. *Baginski* v. *Alcoholic Beverage Comm'n*, 62 R. I. 176. An examination of the pertinent chapters under title XX fails to disclose any provision referring directly or indirectly to the personal qualifications of an applicant for a license. In our judgment this omission is significant and shows that the legislature clearly intended to make the administrator the sole and final arbiter of the suitability of such applicant. Therefore, such question being in essence one of fact, his discretion in the matter when exercised on conflicting evidence will not be reviewed by this court on certiorari. See *Marsh* v. *Alcoholic Beverage Comm'n*, 54 R. I. 57.

Upon a careful examination of the instant record, we are of the opinion that there is conflicting legal evidence on the controlling issue which the administrator decided. In the circumstances, since the weight of the evidence and credibility of the witnesses are not before us in this proceeding and since we have here affirmed the administrator's decision in favor of the respondent club, there is no need to pass on the latter's motion to dismiss.

The petition for certiorari is denied, the writ heretofore issued is quashed, and the records and papers certified pursuant thereto are ordered sent back to the respondent.

*Crowe & Hetherington,* for petitioners.

*Benjamin Winicour, William E. Powers,* Atty. Gen., *John F. O'Connell,* Special Counsel, for respondent.

*Samuel J. Kolodney,* for intervener.

JOHN GEYER *vs.*
CALLAN CONSTRUCTION COMPANY, INC. *et al.*

JANUARY 8, 1954.

PRESENT: Flynn, C. J., Baker, Condon and O'Connell, JJ.

248

BAKER, J.   This is an original petition for compensation brought under general laws 1938, chapter 300, as amended, by an employee against his former employer, referred to herein as the insured, and its insurance carrier termed the insurer.   In the superior court a decree was entered dismissing the petition as to both respondents and thereafter an appeal was duly prosecuted to this court by the petitioner.

The case was apparently heard in the superior court on a special appearance filed by the respondents for the sole purpose of objecting to the jurisdiction of the tribunals of this state to entertain the petition.   On their behalf it was argued that for several reasons no proper service had been made upon the respondent insured.   In our judgment it will not be necessary to discuss all such reasons, as one of them appears to be determinative of that issue.

The return of the deputy sheriff shows that on November 27, 1951 he attempted to serve the insured by leaving in the hands and possession of two certain persons attested copies of the petition now before us, and the return states that such petition had been filed with the director of labor of this state.   However, an examination thereof reveals that

it was not so filed until November 28, 1951. Public laws 1950, chap. 2625, amending G. L. 1938, chap. 300, art. III, §3, reads as follows: "Within 6 days *after* the filing of the petition, a copy thereof, attested by the petitioner or his attorney, shall be served upon the respondent in the same manner as a writ of summons in a civil action." (italics ours) Thus from the record it appears that the statute was not followed. The point may be technical, but if the petition can be filed one day after service why may it not be filed a substantial number of days thereafter, and when is a respondent to know what the filed petition contains? In addition it has no fixed return day.

It has been held that ordinarily service of process is a statutory matter. Usually such statutes are strictly construed and to render the service effective the proper method must be adopted. See *Home Savings Bank* v. *Rolando,* 57 R. I. 205. 72 C.J.S., Process, §25, pp. 1023, 1024. Upon consideration we are of the opinion that, in view of the record before him, the trial justice was correct in ruling that the petition should be dismissed for want of proper service in so far as it related to the insured. Therefore petitioner takes nothing by his appeal in that respect.

It is admitted by the insurer, however, that it was properly served November 28, 1951 by due service upon the state insurance commissioner. The questions it raises in respect to the jurisdiction of our courts are on an entirely different basis from that of improper service and require consideration of the facts of the case and a construction of certain statutes. The petition which was filed November 28, 1951 in the office of the director of labor alleges among other things that petitioner received an injury arising out of and in the course of his employment on or about September 28, 1942 while working for the insured, and that he first suffered disability resulting from such accident on or about April 18, 1951. The evidence before the superior court

also showed that the insured corporation was dissolved by a decree of that court entered December 21, 1948.

The respondents under the special appearance take the position that in the present circumstances the insurer alone cannot properly be proceeded against for the payment of compensation since the petition against the insured was dismissed on the ground of defective service. The trial justice ruled substantially in accordance with the respondents' contention on that point and petitioner argues that such ruling was erroneous. To determine the question, it becomes necessary to consider whether under the facts alleged petitioner was entitled to claim compensation and, if so, whether he was proceeding under a section of the workmen's compensation act which would enable him to recover from the insurer alone.

The pertinent statute which was in effect at the time petitioner was injured, namely, G. L. 1938, chap. 300, art. V, §5, reads as follows: "Any employee entitled to compensation from his employer under this chapter shall, irrespective of any insurance contract, have the right to recover such compensation directly from the employer in the manner provided in this chapter, and, in addition thereto, the right to enforce in his own name, in the manner provided in this chapter, either by making the insurer a party to the original petition, or by filing a separate petition, the liability of any insurer who may have insured the employer against liability for such compensation * * *."

Such section, however, was amended by public laws 1950, chapter 2603, which went into effect June 1, 1950 and contains the following language: "Any employee entitled to compensation from his employer under this chapter shall, irrespective of any insurance contracts, have the right to recover such compensation directly from the employer or the insurer in the manner provided in this chapter, and, in addition thereto, the right to enforce in his own name, in the manner provided in this chapter, either by making the in-

surer or the employer a party to the original petition, or by filing against either a separate petition, to determine the liability of any insurer who may have insured the employer against liability for such compensation, or to determine the liability of the employer for such compensation * * *."

Generally speaking, petitioner argues that in the circumstances he is entitled to proceed against the insurer under either of the above-quoted statutes. On the other hand, respondents urge that in view of the facts alleged he cannot properly proceed against the insurer alone under either statute. They contend in substance that under the statute first quoted the employee never had the right to sue the insurer alone to establish liability and to recover compensation, but merely had the right to enforce against the insurer such liability after it had previously been established against the insured, which has not been done here. As to the amended statute, namely, the present law, it seems clear that an employee may ordinarily recover compensation directly from either the insured or the insurer. However, respondents maintain that such statute is not merely procedural in nature but creates a new substantive right for the employee; that it did not go into effect until June 1, 1950; that petitioner's injury occurred in 1942; and that his rights under the instant petition are therefore governed by the law then in force, namely, chap. 300, art. V, §5.

In answer to respondents' last-mentioned argument, petitioner relies on our opinion in *Rosa* v. *George A. Fuller Co.,* 74 R. I. 215. In that case the question was raised as to when the two-year period of limitation prescribed in the workmen's compensation act began to run against an employee who had suffered an injury. At page 226 of the opinion it is stated: "* * * we must hold that an employee who has received an injury by accident, which does not incapacitate him from earning full wages for at least three days and which is not of the specific kind that is specially compensable under art. II, §12, has no cause of action

against his employer unless and until his injury thereafter results in such incapacity, at which time the period of two years within which he is required by art. III, §17, to file an agreement or a petition for compensation begins to run."

Applying the above rule to the facts alleged in the instant case, petitioner had no *cause of action* against respondents to recover ordinary workmen's compensation until at least three days after April 18, 1951, on which date he allegedly first suffered disability from his injury so as to cause him to become totally incapacitated. In our opinion the same basic reasoning which was followed in deciding the *Rosa* case should be applied in the instant case. The determinative point is the time when petitioner's cause of action arose. Assuming without deciding that the statute, which went into effect June 1, 1950, created a new substantive right for an employee with reference to the manner of proceeding under the workmen's compensation act against his employer and its insurance carrier, it is nevertheless undisputed that such law and right were in effect in April 1951 when petitioner's injury became incapacitating and his cause of action arose. In the circumstances we see no reason why he was not entitled at that time to take advantage of the right newly created by the statute in 1950.

The instant case is clearly distinguishable on several grounds from the following cases cited by respondents: *Vick* v. *Aubin,* 73 R. I. 508; *Walsh* v. *C. J. Fox Co.,* 76 R. I. 345; *Gomes* v. *Orr & Son,* 78 R. I. 96; *Capobianco* v. *United Wire & Supply Corp.,* 78 R. I. 309. It differs chiefly from those cases in that the decisive point here is the fact that, even if a right created by the statute under consideration was substantive and not procedural, the time when it went into effect was prior to the date when petitioner's cause of action arose. No such point was raised in the cases cited by respondent. Further no question is involved here as to whether the statute was retroactive or as to claims growing

out of a preliminary agreement between the parties, since this is an original petition.

In dismissing the petition as against the insurer on jurisdictional grounds, the trial justice held in substance that in the circumstances alleged the petitioner was obliged to file a petition for compensation under chap. 300, art. V, §5, and that under such section, prior to its amendment by P. L. 1950, chap. 2603, he could not seek to recover compensation against the insurer alone. It is our opinion that the trial justice erred in ruling that petitioner must proceed under the earlier section. It follows that since the amended statute permits the filing of a petition for ordinary compensation against the insurer alone, we are of the opinion that in respect to the insurer it was error to dismiss the petition on jurisdictional grounds. In our judgment petitioner was entitled under chapter 2603 to have his petition heard on its merits, at least in so far as recovery of the ordinary compensation was concerned.

As additional support for their position respondents argue that the insurer's policy was one of indemnity and not of liability, and also that the matters raised herein by petitioner were res adjudicata because of the dismissal by the superior court, without a hearing on its merits, of an earlier petition brought by him for compensation. Neither of these questions was passed upon by the trial justice. Furthermore the policy issued by the insurer is not in the present record. It is our opinion that in the circumstances such questions are not properly raised under the special appearance filed herein for the sole purpose of objecting to the jurisdiction of the tribunals of this state to entertain the petition.

The petitioner's appeal is sustained in part, the decree appealed from is modified, and on January 18, 1954 the parties may present to this court a form of decree, in accordance with this opinion, for entry in the superior court.

*Higgins, Kingsley & Williamson, Arnold Williamson, Jr., William A. Gunning,* for petitioner.

*Hinckley, Allen, Salisbury & Parsons, Matthew W. Goring, Thomas J. Hogan,* for respondents.