WIRGES *v.* ARRINGTON.

5-3685

396 S. W. 2d 292

Opinion delivered December 6, 1965.

*G. Thomas Eisele,* for appellant.

*Gordon & Gordon,* for appellee.

CARLETON HARRIS, Chief Justice. This litigation is a sequel to *Wirges* v. *Bean, Judge,* 238 Ark. 104, 378 S. W. 2d 641, decided by this court on May 11, 1964. In that case, Wirges sought a Writ of Mandamus to compel the Circuit Court to order the court reporter to transcribe proceedings occurring on March 19, 1963, when Wirges, in open court, was asked certain questions by the judge of that court, who also made certain remarks to him. Wirges contended that he had asked the reporter, Carl Lee Arrington, to furnish him with the transcript, but had been informed by the reporter that he (Arrington) would not furnish it unless and until the Circuit Court ordered him to do so. According to Wirges, Judge Bean refused, and he then sought the writ from this court. This

court held that the court reporter was a necessary party to the litigation, and that Wirges' remedy was to file a mandamus action against the court reporter. Thereafter, on September 2, 1964, appellant filed a mandamus action in the Conway County Circuit Court for the purpose of obtaining the desired transcript, and it appears that the summons was duly issued for Arrington to both the Sheriff of Conway County, and to the Sheriff of Johnson County, home of Arrington. On September 12, Arrington appeared specially,[1] without entering his general appearance, and also filed a motion to quash service of summons. This motion was based on the contention that a summons could not be legally served on him except in Conway County. The record does not reflect any action by the court on either pleading.[2] Thereafter, on September 23, 1964, Wirges filed a complaint, identical to the Conway County complaint, in Johnson County.[3] The record reflects several letters from counsel for appellant to the Circuit Clerk of Conway County, to the sheriff of Conway County, to Circuit Judge Wiley Bean, and to the sheriff of Johnson County, inquiring if Arrington had been served with summons. These letters dated from the time of the filing of the Conway County action until January 22, 1965, at which time the Conway County Circuit Court entered the following order:

"A petition was filed by Gene Wirges in the Circuit Court of Conway County, Arkansas, asking for a Writ

---

[1] The special pleading is as follows: "That * * * Carl Lee Arrington has been advised that a petition for a Writ of Mandamus has been filed against him in the Conway County Circuit Court, Conway County, Arkansas. That he is entitled to ten (10) days notice of any hearing and no notice has been served upon him although he has been advised that the matter is to be heard on September 19, 1964. That the petitioner should be required to give him ten days notice and that the cause should be continued until such notice is given."

[2] An exchange agreement was executed between Judge Wiley W. Bean, Judge of the Fifth Judicial Circuit, and Judge Paul X. Williams, Chancellor of the Fourteenth Chancery District on September 11, 1964, for the trial and disposition of the case of *Wirges* v. *Arrington*, but there is a notation on the order, "Cancelled October 14, 1964. Wiley W. Bean."

[3] This complaint does not appear in the transcript, but a subsequent court order refers to it, and appellant and appellee mention it in their briefs. The Johnson County complaint is pertinent to the issue herein.

of Mandamus, requiring the respondent, Carl Lee Arrington, Court Reporter within and for the 5th Judicial District of Arkansas, to furnish a purported transcript of the record in a case wherein no order nor judgment had ever been rendered. Thereafter, Case Number 2323 was filed in the Circuit Court of Johnson County, Arkansas, wherein the same parties and the same subject matter were involved. The Johnson County petition was apparently copied from the Conway County petition in that the paragraphs and verbiage are identical in both petitions.

"Service of Summons has been obtained on Mr. Arrington in the Johnson County case and a Motion by the respondent to Dismiss has been filed.[4] Service of Summons has not been had in the Conway Circuit Court. Be that as it may, the law does not permit two suits by the same parties having the same subject matter to be maintained at the same time, and the Court finds that Case Number 5346-A, now pending in the Circuit Court of Conway County, Arkansas, should be dismissed.

"IT IS, THEREFORE, considered, ordered and adjudged by the Court that the Petition for a Writ of Mandamus, filed by Gene Wirges against Carl Lee Arrington, in Case Number 5346-A, Conway Circuit Court, should be, and the same is hereby, dismissed."

From this order of dismissal, appellant brings this appeal.

It is contended that the court erred in dismissing the petition for a writ of mandamus upon its own intiative, and appellant is right in this contention. This is a transitory cause of action.[5] Ark. Stat. Ann. §§ 27-1115 and 27-1119 (Repl. 1962) set forth the proper procedure to be used where actions are pending in different counties for

---

[4] The transcript itself does not show that service has been obtained on Arrington in Johnson County.

[5] Ark. Stat. Ann. § 27-602 (Repl. 1962) provides, *inter alia*, that an action against a public officer for an act done under color of office, or for neglect of official duty, must be brought in the county where the cause arose. However, a court reporter is not a public officer, but only an officer of the court. See Ark. Stat. Ann. § 22-351 (Repl. 1962).

the same cause. Section 27-115 provides that a defendant may demur to the complaint where it appears on its face, *inter alia,* "that there is another action pending between the same parties for the same cause; * * *" and Section 27-1119 provides:

"When any of the matters enumerated in Section 111 [§ 27-1115] do not appear upon the face of the complaint, the objection may be taken by answer. * * *"

As long ago as 1905, we passed on this question in *Kastor* v. *Elliott,* 77 Ark. 148, 91 S. W. 8. There we said:

"* * * The statutes of this State[6] provide what shall be done in such cases. They provide that when it appears in the complaint that there is another action pending between the same parties for the same cause, the objection may be taken advantage of by demurrer; and if it does not appear in the complaint, it may be taken by answer, and if the objection is not taken by demurrer or answer the defendant shall be deemed to have waived the same."

Accordingly, the appropriate manner in which to raise this issue is for the adverse party to call it to the attention of the court by an appropriate pleading.

Actually, the court erred twice. In the first place, it had no authority, on its own initiative, to dismiss the complaint.[7] In the next place, even if such authority existed, the wrong complaint was dismissed. The 1961 General Assembly enacted Act 32 (Ark. Stat. Ann. § 27-301 [Repl. 1962]), which reads as follows:

"A civil action is commenced by filing in the office of the clerk of the proper court a complaint and causing a summons to be issued thereon, and placed in the hands of the sheriff of the proper county or counties. If two

---

[6] The statutes referred to in this opinion are 6093 and 6096, Kirby's Digest of the Statutes of Arkansas, which were the same as the present statutes, Sections 27-1115 and 27-1119.

[7] It is pointed out in 12 Ark. L. Rev. 178, 181 (1958) in a comment by H. Clay Robinson, that, though some jurisdictions will take judicial notice of the pendency of more than one suit on the same subject matter, this procedure is not permissible in Arkansas. *Southern Farmers Assn., Inc.* v. *Wyatt,* 234 Ark. 649, 353 S. W. 2d 531, and cases cited therein.

[2] or more actions are commenced in different courts involved the same subject matter, where the venue is proper in each, then that court shall acquire jurisdiction, to the exclusion of the other, *wherein a complaint was filed and a summons issued thereon, and first placed in the hands of the sheriff of the proper county or counties, irrespective of the time of service of summons.*[8] Each clerk of court shall indorse on each complaint the exact date and time of day when the complaint was filed and a summons issued thereon and each sheriff shall indorse on each summons the exact date and time of day when the summons was placed in his hands.''

It is thus obvious that, if a summons was issued in the Conway County case and placed in the hands of the sheriff, even though it has not been served, the Conway Circuit Court is the court that has jurisdiction of this matter.

The transcript in this case is far from clear, and nothing is contained therein that definitely shows that summons was placed in the hands of the Conway County Sheriff. However, letters from counsel for appellant indicate that this was done; for instance, on November 25, 1964, a letter from counsel to the Sheriff of Conway County, states, ''I am advised by Mr. Millard Richardson's office [Circuit Clerk] that summons was placed in your hands some time ago to be served upon Mr. Carl Lee Arrington. * * *'' Of course, if the clerk did not turn the summons over to the sheriff's office, suit has not actually been commenced in that county, and appellant would be entitled to an early hearing in Johnson County on his motion (to obtain transcription of the proceedings on March 19, 1963). We proceed, in this opinion, on the assumption that the clerk did turn the summons over to the office of the Conway County Sheriff.

The record does not reflect the reason why summons has not been served on Arrington in Conway County, and it is possible that there is good and sufficient reason. However, since Arrington is the official court reporter,

---

[8] Emphasis supplied.

it seems that he would have been in Conway County attending any court sessions held. At any rate, a motion filed on January 30, 1965, appears in the transcript, wherein the Conway Circuit Court is asked to issue its order directing the sheriff to serve summons upon the respondent in Conway County. This motion has apparently not been acted upon as yet, and, the summons having been purportedly issued nearly a year ago, appellant is certainly entitled to a prompt hearing.

The order dismissing the complaint is reversed, set aside, and held for naught, and the Conway Circuit Court is directed to reinstate this complaint.

McFADDIN, J., concurs.

ED. F. McFADDIN, Associate Justice (concurring). I agree with the Majority that the judgment of dismissal should be reversed; but my reasons for such reversal are entirely different from those contained in the Majority Opinion; and I now give my reasons for reversal and the procedure which I think the Majority should have ordered in this case:

The transcript before us in this case shows that on September 11, 1964 Judge Wiley W. Bean (Judge of the Conway Circuit Court) entered into an exchange agreement[1] with Judge Paul X. Williams (Chancellor of the 14th Chancery District), which exchange agreement was filed in the records of this case on September 14, 1964, and reads as follows:

"By consent and agreement, Judge Paul X. Williams, Chancellor of the Fourteenth Chancery District, exchanges circuits with Judge Wiley W. Bean, Judge of the Fifth Judicial Circuit, for the trial and disposition of the case of Gene Wirges v. Carl Lee Arrington, pending in the Circuit Court of Conway County, Arkansas. This Exchange Agreement is to remain in full force and effect for such period as is found necessary for the trial and final disposition of the case herein designated.

---

[1] For statutes on exchange of circuits and districts see Ark. Stat. Ann. § 22-340 et seq. (Repl. 1962).

"The Clerk of the Circuit Court is ordered and directed to enter upon the Circuit Court Records this Exchange Agreement, evidencing the exchange of circuits as herein set out."

So far as the transcript before us shows, this exchange agreement is in full force. It is true that there appears to have been endorsed on the exchange agreement on October 14, 1964 these words: "Cancelled October 14, 1964 Wiley W. Bean." An exchange agreement cannot be cancelled by a unilateral action of one of the parties. Judge Bean and Judge Williams had mutually agreed to the exchange agreement; and Judge Bean could not cancel by a unilateral action. So the exchange agreement, dated September 11, 1964 and filed September 14, 1964, is valid and binding,[2] and all further steps in this case should have been taken in the Circuit Court by Judge Paul X. Willams. Yet, without any further pleadings having been filed and without motion having been made or notice given or entered, and order of dismissal was made in this cause on January 22, 1965 by Judge Wiley W. Bean; and from that said order of dismissal Wirges prosecutes this appeal.

I would reverse the order of dismissal. It was not made by the Judge to whom the case had been assigned by the exchange of circuits agreement. The petition for mandamus is still pending in the Conway Circuit Court; and I feel sure that Judge Paul X. Williams, the Judge on Exchange, would (if my views were adopted) take prompt steps to see that summons be duly served on Arrington in Conway County, and that the petition for mandamus be promptly and speedily heard; and exercising our supervisory powers under Art. VII, Sec. 4 of the Constitution, I think this Court should direct that Judge Paul X. Williams, Judge on Exchange, have jurisdiction of this case until it is concluded in the Conway Circuit Court.

---

[2] Attention is here called to Act No. 496 of 1965, which had not been enacted at the time of the matters here involved.