404 A.2d 472.

WILMA S. ROSEN *vs.* ROBERT H. ROSEN

JULY 23, 1979.

PRESENT: Bevilacqua, C.J., Joslin, Kelleher, Doris and Weisberger, JJ.

JOSLIN, J. In this domestic relations matter, a final decree was entered in the Family Court in July 1977 granting the wife a divorce on the ground of irreconcilable differences. About a month later the husband moved to vacate the decree. He urged two grounds: (1) that the service of process commencing the action was fatally defective and (2) that when the final decree was entered another divorce petition filed by the wife and alleging the same grounds was pending in the Family Court. The motion to vacate was denied by a Family Court justice and the husband appealed.

In support of his assertion that service was improper, the husband refers to the testimony of two deputy sheriffs. They testified that on the day service was to be made, they had been advised that the husband would be at Brown University's Rockefeller Library. The two officers, one in uniform and the other in civilian clothes, proceeded to the library area. While sitting in their automobile waiting for the husband to emerge, the uniformed officer executed the return of service, even though service had not yet been made.

When the husband came out both sheriffs approached him from behind, and the plainclothes one asked him, "is your name Mr. Rosen?" He responded that it was, whereupon the non-uniformed sheriff placed the papers in the husband's

8

pocket. The husband threw the papers to the ground, ran across the street, and announced that he had not been served. The sheriff who had already executed the return was only a few feet away as these events took place and he witnessed all that occurred.

The husband now argues that the service thus made did not satisfy the statutory requisites and, therefore, was fatally defective. The controlling statute is G.L. 1956 (1969 Reenactment) §15-5-20.[1] In substance, it provided that a resident respondent in a divorce action shall be personally served as provided for by the Family Court rules. Although those rules do not specifically provide for the manner in which the requisite service shall be made, Rule 37[2] prescribes

[1] General Laws 1956 (1969 Reenactment) §15-5-20 reads as follows:

"No person shall be entitled to a divorce from the bond of marriage unless *the defendant shall, in accordance with rules adopted by the court, have been personally served with process, if within the state,* or with personal notice duly authenticated, if out of the state, or unless the defendant shall have entered an appearance in the cause; or unless it shall appear to the satisfaction of the court that the petitioner does not know the address nor the residence of the defendant and has not been able to ascertain either after reasonable and due inquiry and search for six (6) months, in which case the court, or in vacation a judge thereof, may authorize notice by publication of the pendency of the petition for divorce to be given in a manner provided by law." (Emphasis added.)

[2] Rule 37 of the Family Court Rules of Practice provides:

"The citation in Divorce shall be in substantially the following form:

"State of Rhode Island and Providence Plantations
Providence, Sc.                                    Family Court

"To the Sheriffs of our several counties, or to their Deputies:

"You are hereby required to serve _____, Respondent, of _____ in the County of _____, with a true and certified copy of the original petition of _____ for Divorce, which said copy accompanies this Citation, together with a copy of this Citation. Said Respondent is hereby notified of the pendency of said petition before the Family Court within the County of _____, and that he or she, said Respondent, is commmanded if he or she intends to make any defense, that on or before the first Monday of _____ next, which is the Return Day of this Citation, or within ten days thereafter, he or she cause his or her written appearance to be entered in the Office of the Clerk of said Court at _____ in said County as above named, and further that he or she defend against said cause according to law, if he or she intends to make any defense, and that said Respondent do and receive what the Court shall order and adjudge or decree therein.

the form of citation for use in a divorce action and it, together with the form for making return of service[3] that is printed on the citation, make clear that the personal service required by the statute is accomplished by leaving a true and certified copy of the original petition accompanied by a copy of the citation in the hands and possession of a respondent. These requirements are long-standing and, at least in substance, their adoption and continued usage is tantamount to compliance with the §15-5-20 requirement directing the Family Court to provide by rule for the manner of making personal service on a respondent in a divorce proceeding. Apparently, the husband shares this view for he does not challenge service in this case on the ground that the court has not provided by rule for the manner of serving process.

This leaves for determination whether placing a copy of the citation and a copy of the divorce petition in the husband's pocket, rather than in his hands, constituted adequate service. Certainly that service accomplished its intended purpose—it gave the husband fair and adequate notice of the commencement of the action against him. In comparable circumstances, a process server touched a defendant with the summons and then laid it on the fender of a nearby automobile. Although the defendant refused to pick it up, the court held that personal service had been accomplished because "it is generally held that if the process server and the defendant are within speaking distance of each other, and such action is taken as to convince a reasonable person that personal service is being attempted, service

---

"Hereof fail not and make true return of this Citation with your doings thereon.

"WITNESS the SEAL of our FAMILY COURT at Providence, this _____ day of _____, A.D. 19_____.

_____ Clerk"

[3]The form of citation provided for by Rule 37 used in divorce proceedings has printed thereon under the heading "Return of Service" the following:

"I have this day in said county made service of this citation by leaving a certified copy of the original petition for divorce which accompanied this citation, together with a copy of this citation, in the hands and possession of the within named respondent."

cannot be avoided by physically refusing to accept the summons." *Nielson* v. *Braland,* 264 Minn. 481, 484, 119 N.W.2d 737, 739 (1963). *See also Hatmaker* v. *Hatmaker,* 337 Ill. App. 175, 85 N.E.2d 345 (1949); *Walkoczy* v. *Bowers,* 146 A.34 (N.J. 1929). In the present case in which the officer actually was in physical contact with the husband and placed the papers in his possession, the husband should not be permitted to take those papers out of his pocket, throw them away, and now claim that service was insufficient.

Two questions remain with respect to the service of process. One is whether the execution of the return of the service, prior to the actual service, by a duly authorized officer who accompanied the serving officer rendered improper an otherwise valid service of process. The husband argues that under our law, service-of-process statutes must be strictly construed. *Barthlein* v. *Ellis,* 112 R.I. 646, 314 A.2d 426 (1974); *Shannon* v. *Norman Block, Inc.,* 106 R.I. 124, 256 A.2d 214 (1969); *Geyer* v. *Callan Construction Co.,* 81 R.I. 247, 101 A.2d 876 (1954). Consequently, he argues that failure to comply literally with the statutory requisites in this case is fatal to valid service.[4]

Although the question is one of first impression in this state, neither of the parties has referred us to cases from other jurisdictions that are of any assistance. In our own limited research of the subject, we have ascertained that the New York Court of Appeals in rejecting a challenge to an affidavit of service completed by one other than the officer who served the process, said:

> "The affidavit of the person who actually served the summons is unnecessary so long as there is other competent proof of such service. A third person may have actual knowledge of such service, and when he swears unequivocally and positively there is a presumption that he swears from personal knowledge and not

[4]Prior to our decision in *Nocera* v. *Lembo,* 111 R.I. 17, 298 A.2d 800 (1973), an officer's return was deemed conclusive and could not be controverted by motion or plea. That case, however, permits the return to be contradicted upon a showing supported by strong and convincing evidence.

from hearsay." *Murphy* v. *Shea,* 143 N.Y. 78, 81, 37 N.E. 675, 675 (1894). *See also Sansbury* v. *Schwartz,* 41 F. Supp. 302 (D.D.C. 1941).

In the circumstances, it would be a serious departure from the commonsensical view if we were to conclude that the service here was a nullity merely because the return was executed by an officer who accompanied the serving officer and *witnessed the events constituting service.* The trial justice found as a fact that the two officers acted in concert, and we can perceive of no sound reason why the execution of the return by the witnessing, rather than the serving, officer should render an otherwise valid service invalid.

So, too, would we be ignoring commonsense were we to reject the service because the return was executed prior to, rather than subsequent to, the completion of service. What was essential was the completion of service and the return, whenever actually executed, speaks of what has occurred, and that record is all that is important.

The last ground upon which the husband rests his claim of defective service of process is the sheriff's failure to comply with Fam. Ct. R. 39(b)[5] requirement that the citation be read to the respondent when he is served. That contention has no greater merit than the others thus far made by the husband. Rule 39(b) applies only to service upon respondents

[5]That section of the rule provides:

"The clerk with whom such petition and affidavit shall be filed, if the residence of the adverse party is disclosed in said affidavit, shall issue a citation to such adverse party, which citation shall be accompanied by a certified copy of the petition and the citation shall be directed for service to any disinterested person and shall be served by delivering the said copy of the said petition in hand to the said adverse party, *whenever he may be without this State,* and by reading the said citation in his presence and hearing, or by leaving the said certified copy of the said petition with a copy of said citation for such adverse party *at his usual place of abode without this State,* with some person living there, which service in either case shall be made at least three (3) weeks before the return-day of such citation; and said disinterested person shall return said citation, having made oath thereon of the place where, the time when, and the manner in which he shall have made service of the said citation." Fam. Ct. R. 39(b). (Emphasis added.)

"without this State." It is clearly inapposite in a case like this in which the respondent is a resident of this state and service is made here.

All that remains to be considered is the husband's contention that the trial justice should not have acted on the wife's petition for divorce because she had another petition pending in the Family Court at the same time. There is, of course, no question that the pendency of a prior action between the same parties in the same court and on the same subject matter may be asserted by a party as a ground for the abatement of an action. *Elmasian* v. *Daley*, 87 R.I. 431, 142 A.2d 540 (1958); *Dukehart* v. *Fales*, 49 R.I. 407, 143 A. 615 (1928). But an action does not automatically abate for that reason and a litigant who has not raised the issue of that prior litigation during the trial is precluded from doing so on appeal. *See Austin* v. *City of Anniston*, 243 Ala. 214, 8 So. 2d 410 (1942); *Reed* v. *Frey*, 10 Ariz. App. 292, 458 P.2d 386 (1969); *Wirges* v. *Arrington*, 239 Ark. 1047, 396 S.W.2d 292 (1965); *State* v. *Harris*, 357 Mo. 1166, 212 S.W.2d 733 (1948). A California court's reply to a party whose argument was similar to the husband's in this case was the abrupt, but nonetheless sufficient, reply "the rule is otherwise." *Howard* v. *Howard*, 105 Cal. App. 2d 126, 128, 232 P.2d 530, 531 (1951). Here the husband decided for himself that he had not been validly served with process. He guessed wrongly and by so choosing he gave up the opportunity to be present at the trial and to plead matter in abatement. He will not now be heard to complain that his choice was short-sighted.

The husband's appeal is denied and dismissed, the decree appealed from is sustained, and the case is remanded to the Family Court.

*Alfred Factor, Kirshenbaum & Kirshenbaum*, for petitioner.

*Leonard A. Kamaras*, for respondent.