### STATE

v.

### Larry COUNTS.

No. 80–520–C.A.

Supreme Court of Rhode Island.

Dec. 3, 1982.

Dennis J. Roberts II, Atty. Gen., David H. Leach, Asst. Atty. Gen., for plaintiff.

William F. Reilly, Public Defender, Barbara Hurst, Asst. Public Defender, Chief, Appellate Div., Janice M. Weisfeld, Asst. Public Defender, for defendant.

## OPINION

**WEISBERGER, Justice.**

This is an appeal from a judgment entered in the Superior Court convicting the defendant of assault with a dangerous weapon. The sole issue raised in this appeal is an assertion that the trial justice erred in declining to issue a body attachment to compel the attendance of a witness claimed to be material and relevant to the establishment of the defendant's claim of self-defense.

It is undisputed that on March 2, 1979, defendant and Carl Siggers (Siggers) had an altercation at defendant's home and that the altercation resulted in a stab wound to the body of Siggers. Both defendant and Siggers testified at the trial, and each claimed that the other was the aggressor. It was further undisputed that Sylvia McClain (McClain) was a witness to this incident.

The defendant attempted to subpoena McClain as a witness and on January 14, 1980, utilized the services of a constable to effect service. At about 7:58 p.m. the constable knocked on the rear door of the house in which he believed McClain to reside and received no response. He then tapped on a rear window; a woman came to the window and responded, in answer to his question, that she was Ms. McClain. The constable informed her that he had come in order to serve a subpoena and offered to deliver the subpoena and fees personally to her, but she refused to open the window or door. Thereupon, the constable indicated on his return that he had left the subpoena without fees at the rear door and had informed the woman of her duty to obey the command of the subpoena. The constable further indicated in his return that he had attempted to serve her with the subpoena earlier that same day "and she refused in the same manner."

Trial of the case began on May 1, 1980, and defendant, upon the conclusion of the state's case, requested that the court issue a body attachment for McClain. The trial justice responded by pointing out that McClain's refusal to accept a subpoena on January 14 did not inevitably point to the fact that she would not accept a subpoena on May 1. On May 2, the attorney for defendant represented to the court that he had again attempted to obtain service upon McClain through the office of the sheriff of Providence County. He represented that Deputy Sheriff Normand Duseault had gone to McClain's address, knocked on the door, heard music or noise emanating from within, but received no response to his knocks. As the deputy sheriff returned to his car, he noted a person who resembled McClain opening the window shades or

blinds and window. He returned to the door but again no one responded to his knocks. He then left a card indicating his official capacity and containing his telephone number. The attorney represented that soon thereafter a sergeant in the sheriff's department received a telephone call from a person who identified herself as McClain. The person stated that she suspected the reason why the sheriff was at her home was to subpoena her to testify in the matter of *State v. Larry Counts* and that she would refuse to accept service of any subpoena or any process on her in respect to this matter.

After making this representation, defendant's attorney again requested the issuance of a body attachment. The trial justice refused on the ground that he was not authorized by statute to issue a body attachment unless the subpoena had first been served in accordance with Rule 17(d) of the Superior Court Rules of Criminal Procedure.[1] It is unquestioned in this case that the constable on January 14, 1980, and again on May 1, 1980, the representative of the sheriff's department made every effort to deliver the subpoena to McClain along with the appropriate fees but that she persistently refused to accept such service even though reasonably apprised of the identity of the officers and their intention to serve her. We are of the opinion that the trial justice was in error in refusing to issue a body attachment.

The Sixth Amendment to the Constitution of the United States guarantees the right of a defendant in a criminal case to offer the testimony of witnesses in his behalf and to compel their attendance if necessary. *See Washington v. Texas,* 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967). Article I, sec. 10, of the Rhode Island Constitution also guarantees the right of a defendant "to have compulsory process for obtaining [witnesses] in his favor * * *." The real question raised by this appeal is whether a witness may render nugatory these rights by refusing to accept service of a subpoena and yet leave the court impotent to enforce the presence of the witness by issuance of a body attachment. We answer this question emphatically in the negative.

The principle has been expressed that in criminal cases the common law allowed a court without the necessity of statutory authority to hold a witness to bail and to commit such a witness on failure to procure bail upon a finding that the witness would either not appear or be spirited away before trial. 1 Wharton, *Law of Evidence* § 385 (1877). This inherent power of commitment does not violate the sanctions of either State or Federal Constitutions. The principle has been recognized and cited with approval by the Supreme Court of the United States in *Barry v. United States ex rel. Cunningham,* 279 U.S. 597, 616–18, 49 S.Ct. 452, 456–57, 73 L.Ed. 867, 873–74 (1929).

In a variety of circumstances courts have held that delivery of service of process may not be frustrated by the refusal of a person to accept service or, indeed, by actions designed physically to frustrate the delivery of process. Recently this court in construing the requirements of the service of a citation in an action for divorce stated that

"[I]t is generally held that if the process server and the defendant are within speaking distance of each other, and such action is taken as to convince a reasonable person that personal service is being attempted, service cannot be avoided by physically refusing to accept the summons." *Rosen v. Rosen,* R.I., 404 A.2d 472, 474 (1979), (quoting *Nielsen v. Braland,* 264 Minn. 481, 484, 119 N.W.2d 737, 739 (1963)).

Similarly, it was held that a witness may not frustrate delivery of a subpoena by refusing to open the door after a police officer had explained his presence and his intention to serve such subpoena to the wife

---

1. Rule 17(d) of the Superior Court Rules of Criminal Procedure in pertinent part requires:
   "Service of a subpoena shall be made by delivering a copy thereof to the person

named and by tendering to him the fee for one (1) day's attendance and the mileage allowed by law."

and then affixed the subpoena to the door with cellophane tape. *Application of Barbara,* 14 Misc.2d 223, 180 N.Y.S.2d 924 (Sup. Ct.1958). The Supreme Court of the United States enunciated a concept that, although dictum, is of great persuasive force in this instance:

> "A subpoena has never been treated as an invitation to a game of hare and hounds, in which the witness must testify only if cornered at the end of the chase. If that were the case, then, indeed, the great power of testimonial compulsion, so necessary to the effective functioning of courts and legislatures, would be a nullity." *United States v. Bryan,* 339 U.S. 323, 331, 70 S.Ct. 724, 730, 94 L.Ed. 884, 891 (1950).

Thus, in the case at bar, the requirements of Rule 17(d) had been sufficiently carried out by the constable and the representative of the sheriff's department in order to subject McClain to the issuance of the body attachment. The officers had reasonably apprised her that they intended to serve a subpoena upon her, and she had physically frustrated their efforts to do so. Under the circumstances, the court had inherent power to issue a body attachment as well as the authority to do so pursuant to the provisions of G.L.1956 (1969 Reenactment) § 9–17–8.

Although the trial justice should have issued a body attachment to compel the attendance of an eyewitness in the instant case, we have only the representation of counsel that this witness would have produced exculpatory evidence. Obviously, the complete lack of cooperation of this witness made it impractical, or indeed impossible, for the defendant's attorney to obtain a written statement or affidavit from the witness. No such burden should be placed upon him. Nevertheless, at this juncture we cannot state with certainty whether the testimony of McClain would have effectively supported the defendant's claim of self-defense. Therefore, we shall remand this case to the Superior Court with directions that a hearing be held at which McClain's presence shall be compelled by body attach-ment. If at this hearing it shall appear that the testimony of McClain is exculpatory and supportive of the defendant's claim of self-defense to such an extent that a justice of the Superior Court believes that this might have affected the outcome of his jury trial, then the trial justice shall order a new trial. In the event that the trial justice finds after hearing the testimony of McClain that such testimony is not material or exculpatory, then he may decline to order a new trial. In such event the defendant may, if he sees fit, seek further review by this court. Otherwise, the conviction shall stand.

For the reasons stated, the appeal of the defendant is sustained in part and the case may be remanded to the Superior Court for further proceedings consistent with this opinion.