DECISION
This case comes before this Court as a tenant's appeal from a decision of the Sixth Division District Court. The case involves a residential nonpayment trespass and ejectment action pursuant to G.L. 1956 § 34-18-35. Jurisdiction of this Court is pursuant to G.L. § 34-18.1 (a) (1).
Facts and Travel
The East Providence Housing Authority (plaintiff) entered into a one-year lease with Ruda Rogers (defendant) on September 1, 1995, for the period of September 1, 1995, through August 31, 1996. (Plaintiff's Exhibit No. 1). After a recertification process, the lease was renewed in July 1996. The second lease was dated September 1, 1996.
On July 12, 1996, plaintiff sent defendant a notice of noncompliance pursuant to Section 34-18-36 apprising defendant that she failed to pay certain charges. Said charges were for the following: additional appliances, late rent penalties and the consumption of excess utility. The charges totaled one hundred ninety-eight dollars and 81/100 ($198.81). The defendant was informed that unless she paid the charges within thirty (30) days, her rental agreement would terminate on August 12, 1996. The defendant stopped making rent payments after August 13, 1996.
On August 28, 1996, plaintiff filed a twenty-day eviction action against defendant for reasons other than nonpayment of rent in the Sixth Division District Court. (C.A. No. 96-8296). In its complaint, plaintiff sought the following relief: "a judgment for the possession of the premises (eviction of the tenant) and for the payment of the said various charges and other expenses in the amount of $226.06, plus any and all other charges due and owing at the time of the hearing of this action, plus interest and costs." Said case is still pending in the District Court.
On September 27, 1996, plaintiff sent defendant a notice of noncompliance pursuant to Section 34-18-35. The defendant was notified that she was fifteen (15) days in arrears for all/some of the rent owed in the amount of one hundred ninety-one dollars ($191.00), and that her tenancy would terminate on October 15, 1996. The defendant requested a hearing pursuant to the grievance procedure governing evictions on October 7, 1996. An informal conference was held on November 19, 1996 and was conducted by the East Providence Housing Authority's Deputy Executive Director Mark Rowland. Mr. Rowland requested certain information from defendant on November 21, 1996, necessary for the reexamination. The defendant did not provide the requested information and Mr. Rowland determined, as stated in a December 30, 1996 letter, that the East Providence Housing Authority should proceed with the eviction for nonpayment of rent.
As a result, plaintiff filed an action in District Court to evict defendant for nonpayment of rent (C.A. No. 97-396). In its complaint, plaintiff sought the following relief: "a judgment for the possession of the premises (eviction of the tenant) and for the payment of the rent in arrears in the amount of $512.00, plus any and all other rent due and owing at the time of the hearing of this action plus interest and costs."
Thereafter, defendant moved to dismiss the action. On February 11, 1996, the District Court denied the motion to dismiss, granted the plaintiff repossession of premises, and awarded damages. The defendant now appeals that decision.
Abatement
In an appeal from the District Court to the Superior Court concerning a landlord-tenant action, the parties are entitled to a de novo hearing. First Fin. Serv. Corp. v. Van Damm,566 A.2d 390 (R.I. 1989), cert. denied, 495 U.S. 936, 110 S.Ct. 2182, 109 L.Ed.2d 511 (1990).
The defendant contends that plaintiff cannot maintain the instant eviction action based upon nonpayment of rent while the earlier eviction action is still pending in District Court. The Court finds merit in defendant's argument.
It is well settled that the pendency of a prior action for the same cause and between the same parties within the same jurisdiction may be asserted as a ground for the abatement of the second action. Elmasian v. Daley, 87 R.I. 431, 142 A.2d 540
(1958). However, an action does not automatically abate for that reason and a litigant who has not raised the issue of that prior litigation during the trial is precluded from doing so on appeal.Rosen v. Rosen, 122 R.I. 6, 404 A.2d 472 (1979).
Both actions involve the East Providence Housing Authority and Ruda Rogers. Both actions are within the jurisdiction of Rhode Island Courts. 1 C.J.S. Abatement and Revival Section 50. The dispute concerns whether the two actions concern the same subject matter. The Court finds that the two matters do in fact involve the same subject matter.
The first eviction action was institued pursuant to Section34-18-36 for reasons other than the nonpayment of rent. Specifically, plaintiff sought the eviction of the defendant and the payment of costs for the consumption of an excess amount of electricity, use of various additional appliances, and late rent penalties. In the second action, plaintiff sought the eviction of defendant based upon the nonpayment of rent pursuant to Section34-18-35.
Both actions concern the failure of defendant to pay her rent pursuant to the terms of the lease. In the first action, plaintiff sought penalties for the late payment of rent. In the second action, plaintiff sought the payment of the rent in arrears. As such, both actions concern the alleged failure of defendant to pay rent in a timely manner. Accordingly, the second action should abate.
Jurisdiction
The Court finds it unnecessary to address the jurisdictional issue raised by defendant.
For the reasons set forth above, this Court grants the defendant's motion to dismiss without prejudice based upon the doctrine of a prior pending action.
Counsel shall prepare the appropriate order for entry.